

## OFFICE OF THE COUNTY ATTORNEY

Marc Elrich  
*County Executive*

Marc P. Hansen  
*County Attorney*

July 19, 2021

The Honorable Theodore D. Chuang  
United States District Court for the District of Maryland  
6500 Cherrywood Lane, Suite 245A  
Greenbelt, MD 20770

    Re:    *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland*  
             Case No. 8:21-cv-01736-TDC (D. Md.)  
             **Notice of Intent to file Cross-Motion for Summary Judgment and Motion to Dismiss**

Dear Judge Chuang:

      This Office represents Defendant Montgomery County, Maryland (the County) in the above-referenced case and intends to file a Cross-Motion for Summary Judgment and a Motion to Dismiss Plaintiff's Complaint in lieu of filing an answer. Pursuant to the Court's Letter Order Regarding the Filing of Motions (ECF No. 11), we are providing this notice so the Court can determine whether to schedule a pre-motion conference or authorize the filing of the motion. The County understands that, under the Court's Order, the filing of this request tolls the time period for filing the motion and for answering the Complaint until after the request is resolved.

      The Complaint, which the County removed from the Circuit Court for Montgomery County, Maryland, challenges Bill 4-21 ("the Bill"), a recently enacted County law that regulates firearms (principally ghost guns and undetectable guns) with respect to minors and within 100 yards of or in a place of public assembly. Although the State of Maryland has expressly preempted much local regulation of firearms, in 1985 it enacted compromise legislation specifically authorizing counties, municipalities, and special taxing districts to "regulate the purchase, sale, transfer, ownership, possession, and transportation" of handguns, rifles, or shotguns, their ammunition, and their components (1) with respect to minors and (2) within 100 yards of or in a park, church, school, public building, and other place of public assembly. Md. Code Ann., Crim. Law (CL) § 4-209.

      The Complaint seeks a declaratory judgment that the Bill (1) is not a local law under Md. Const. Art. XI-A (the Home Rule Amendment), (2) is preempted by and in conflict with a variety of State firearms statutes, (3) amounts to taking under Md. Const. Art. III, 40 and Md. Decl. Rts. Art. 24, and (4) violates due process vagueness standards under the U.S. Const. 14th

---

The Honorable Theodore D. Chuang
July 19, 2021
Page 2

Amend. and Md. Decl. Rts., Art. 24. The latter allegation, which serves as the basis for removal, includes a claim for damages under 42 U.S.C. § 1983. The Plaintiffs filed a Motion for Partial Summary Judgment with their Complaint. The County wants to respond with a Cross-Motion for Summary Judgment (which includes its opposition) and a Motion to Dismiss.

The County seeks **dismissal** of the Complaint because the Plaintiffs **lack standing.** To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct . . . and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The injury-in-fact requirement ensures that plaintiffs have a "personal stake in the outcome of the controversy." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Since Plaintiffs here seek declaratory and injunctive relief, they must establish an ongoing or future injury in fact. *O'Shea v. Littleton*, 414 U.S. 488 (1974). To the extent that Plaintiffs have alleged a sufficient intention "to engage in conduct afflicted with a constitutional interest," they have offered no evidence to support a credible threat of prosecution as required by *Babbitt v. Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). Plaintiffs do not allege that they have been threatened with prosecution as in *Steffel v. Thompson*, 415 U.S. 452 (1974). Similarly, Plaintiffs have offered no evidence of the law having been enforced in any fashion, again, as in *Steffel*. These precise reasons were held sufficient to defeat the standing of all individual and organizational plaintiffs in *Md. Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 218 (4th Cir. 2020) and are equally applicable here.

In addition, Plaintiff Maryland Shall Issue, Inc. **lacks organizational standing**. An organization can demonstrate standing to sue in two ways: on its own behalf (organizational standing) or on behalf of its members (representational standing). *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005). Assuming *arguendo* that MSI can establish representational standing through its members, MSI lacks standing to assert an organizational claim on its own behalf. A plaintiff can establish organizational standing "when it seeks redress for an injury suffered by the organization itself." *Action NC v. Strach*, 216 F. Supp. 3d 597, 616 (M.D.N.C. 2016). Plaintiff MSI fails to allege any such injury to MSI, rather than its members.

The **punitive damages** claim must be dismissed. It is plain black-letter law that "Maryland law disallows any such assessment of punitive damages against a county." *Robles v. Prince George's Cty.*, 302 F.3d 262, 273 (4th Cir. 2002). This immunity extends to demands for punitive damages under § 1983. see *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Finally, Plaintiffs' **declaratory judgment** claims must be dismissed if they demand compensatory damages. To the extent that Plaintiffs have suffered monetary damages, their request for declaratory judgment must be dismissed. *Gregory v. FedEx Ground Package Sys.*, No. 2:10cv630, 2012 U.S. Dist. LEXIS 87798, at *27 (E.D. Va. 2012) ( "Declaratory judgment 'is appropriate when the judgment will serve a useful purpose of clarifying and settling the legal relations in issue, and when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding,' but not where questionable conduct has already occurred, damages have already accrued, and a suit has already been instituted").

The Honorable Theodore D. Chuang
July 19, 2021
Page 3

The **Motion for Summary Judgment** essentially seeks a declaration in opposition to the one sought by Plaintiffs—that the Bill does not violate any of the provisions alleged.

The Bill is a valid **local law** under the Home Rule Amendment. First, its application is limited to the County. Second, unlike other local enactments struck down as intruding on some well-defined state interest (e.g., the County's creation of a new private cause of action invalidated in *McCrory Corp. v. Fowler*, 319 Md. 12 (1990)), the Bill is specifically authorized by CL § 4-209.

The Bill is not **preempted by or in conflict** with State law. CL § 4-209's plain language reveals it is an exception to preemption—a State created window of permitted local firearms regulation. The legislative history of CL § 4-209 demonstrates that this provision was a compromise to specifically permit the type of regulation presented by the Bill. Most of the allegedly preemptive and conflicting State laws Plaintiffs cite were either enacted before the General Assembly enacted the exception in CL § 4-209 and/or are more general State laws that can be read in harmony with the Bill. Plaintiffs reading of these State laws would render the exception in CL § 4-209 nugatory.

The restrictions in the Bill do not amount to a **taking**. It is not a physical appropriation of firearms, and the Fourth Circuit has turned aside takings arguments against restrictions far more intrusive than the targeted restrictions presented by the Bill. *Holliday Amusement Co. of Charleston, Inc. v. South Carolina*, 493 F.3d 404 (4th Cir. 2007) (state ban on the possession or sale of certain gambling machines was not a taking even though the machines "lost all market value" and the owner's business selling the machines "became worthless"). See also *Md. Shall Issue v. Hogan*, 963 F.3d 356 (4th Cir. 2020) (although state law prohibiting possession of "rapid fire activator trigger devices" "may make the personal property economically worthless," it did not constitute a direct appropriation because it did "not require owners of rapid-fire trigger activators to turn them over to the Government or to a third party").

Finally, the Bill is not unconstitutionally **vague** on its face (because the Bill has only recently been enacted and none of the Plaintiffs have been aggrieved, they cannot proceed under an "as applied" analysis). The Supreme Court has laid out an extraordinarily difficult standard to succeed on a facial challenge. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449-51 (2008) (a plaintiff can only succeed on a facial challenge by establishing that no set of circumstances exists under which the law would be valid). Maryland court have set a similarly high bar. *Bowers v. State*, 283 Md. 115, 125 (1978) ("[a] statute is not vague when the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning.") The text of the Bill is clear and readily discernable.

Based on the foregoing, the County intends to file a Cross-Motion for Summary Judgment and a Motion to Dismiss the Complaint. The County seeks leave of the Court to file those motions and will participate in a telephone conference if the Court decides to schedule one.

The Honorable Theodore D. Chuang
July 19, 2021
Page 4

                                                     Very truly yours,

                                                     Edward B. Lattner, Chief
                                                     Division of Government Operations

                                                     Sean C. O'Hara
                                                     Associate County Attorney

cc:    Mark W. Pennak
        Maryland Shall Issue, Inc.
        9613 Harford Rd., Ste. C #1015
        Baltimore, MD 21234-21502

21-003732