

July 20, 2021

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

Re:     *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland,*
        Case No. 8:21-cv-01736-TDC (D. Md.)
**Notice of Intent to file Motion to Sever and Remand State Law Claims and To Hold
Federal Vagueness Claim in Abeyance Pending a Resolution of the State Law Claims**

Dear Judge Chuang:

This Letter is intended to comply with the Court's case management order. A separate letter will follow addressing the pending motion for partial summary judgment. As detailed below, plaintiffs intend to file a motion asking the Court to sever all the State law claims and remand those claims to the State court. Plaintiffs will also move this Court for an order holding in abeyance the sole remaining claim, the federal Due Process vagueness claim set forth in Count IV, pending a resolution of the State law claims in Montgomery County Circuit Court. Undersigned counsel requested the consent of defendant, Montgomery County, MD, to the proposed motion, but counsel did not receive a response from the County as of this filing. It does not appear that the matter can be resolved without a motion.

The verified complaint challenges the County's enactment of Bill 4-21, which is attached to the complaint. That bill, which became effective on July 16, 2021, imposed sweeping new gun regulations on the residents of the County, including regulating mere possession, *inter alia,* of any type of firearm within 100 yards of any location where two or more members of the public "may assemble." The complaint alleges that Bill 4-21: (1) is not a local law within the meaning of Article XI–E, § 3 of the Maryland Constitution, as alleged in Count I; (2) violates the Express Powers Act, MD Code, Local Government, §10-206, in that it is inconsistent with and/or preempted by numerous provisions of Maryland general law, as alleged in Count II; (3) violates the Maryland Takings Clause, Article III § 40 and the Due Process Clause of Article 24 of the Maryland Declaration of Rights by depriving plaintiffs of their vested property rights in the personal property regulated by Bill 4-21, as alleged in Count III; and (4) is so vague that it violates Article 24 of the Maryland Declaration of Rights, and, separately, the Due Process Clause of the Fourteenth Amendment, as alleged in Count IV. Plaintiffs seek declaratory and injunctive relief on all Counts and compensatory damages for Count III (the State Takings claim), and, nominal, compensatory and punitive damages under 42 U.S.C. § 1983, for the violations of their Federal constitutional rights alleged in Count IV.

On June 16, 2021, plaintiffs filed an emergency motion for partial summary judgment on Counts I, II, and IV and requested an emergency hearing prior to the Bill 4-21's effective date. That request was granted and a hearing was set for July 15, 2021. However, at the very last moment, the County removed the entire case to this Court on June 10, 2021, the date that the County's answer and responsive pleading to plaintiffs' motion for partial summary judgment would have been otherwise due in State court. The sole basis for removal is 28 U.S.C. § 1441(a), a provision designed to protect the federal defenses of defendants. The County has no federal defenses in this case. Yet, the County's removal meant that the July 15, 2021

scheduled hearing circuit court was aborted, thereby frustrating plaintiffs' effort to obtain a ruling prior to the July 16, 2021 effective date. Plaintiffs thus remain vulnerable to the threat of illegal and arbitrary enforcement actions by the County.

Under Section 1441(a), an action brought in State court may be removed to federal district court if the federal court would have had original jurisdiction over the action if it had been filed in district court. See *Home Depot U.S.A, Inc. v. Jackson,* 139 S.Ct. 174 (2019). However, as amended in 2011, Section 1441(c) specifically addresses cases, like this case, where a federal claim is joined with state claims that are not otherwise within the original jurisdiction of the district court. In such cases, subsection (c)(1) instructs that "the entire action may be removed," but then provides, in subsection (c)(2), that "the district court shall sever from the action all claims" over which the court would not otherwise have original jurisdiction (State law claims), and further provides that the district court "shall remand the severed claims to the State court from which the action was removed." As the verb "shall" indicates, such severance and remand is mandatory. See *Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.,* 891 F.3d 256, 259 (7th Cir. 2018) ("The federal claim would make the whole suit removable, and § 1441(c)(2) would require the immediate remand of any state-law claim not within the supplemental jurisdiction.").

The supplemental jurisdiction statute, 28 U.S.C. § 1367(c), provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Any one ground is sufficient. Here, those principles counsel remand of all State law claims. First, Count I and Count II are the principal focus of the complaint and raise novel or complex issues of Maryland constitutional and statutory law. Either one of these two claims is enough to resolve this case. These claims predominate over all other claims, including the vagueness claim. Count III raises a State constitutional "Takings" claim, but that claim will not resolve the case and is likewise analytically distinct from the vagueness challenge. Only the State vagueness claim in Count IV is analytically similar to the federal vagueness claim.

In sum, four out of five claims in this case are State law claims, including the predominant claims stated in Counts I and II. If this Court were to retain jurisdiction, it would thus be forced to rule on important and complex State constitutional and state law issues over which the federal courts have no expertise. Indeed, this Court's decision on these difficult issues would not even count as binding precedent in the Maryland. *Pope v. State*, 284 Md. 309, 320 n.10 (1979). A central objective of this suit is to establish binding precedent, which the removal has made impossible. See *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (noting that State courts are the "ultimate expositors of state law"). The Maryland court system is entitled to consider these important issues. See, e.g*., Knick v. Township of Scott*, 139 S.Ct. 2162, 2188 (2019) (Kagan, J., dissenting) ("federal courts should refrain whenever possible from deciding novel or difficult state-law questions"). Accordingly, plaintiffs intend to move this Court for an order declining supplemental jurisdiction over all the State law claims and holding in abeyance further proceedings on the federal claim pending completion of the State court proceedings.

Sincerely,

*/s Mark W. Pennak*
Mark W. Pennak
Counsel for Plaintiffs
mpennak@marylandshallissue.org
(301) 873-3671
cc: All Counsel via ECF.