

July 23, 2021

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

Re:   *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland,*
      Case No. 8:21-cv-01736-TDC (D. Md.)

**Notice of Intent to Submit the Motion for Partial Summary Judgment on Counts I, II, and IV and Notice of Intent to File Motion Seeking Sanctions Under Rule 11, FRCP, for the County's Wrongful Delay Tactics and Willful Failure To Comply With Local Rule 103 5. b).**

Dear Judge Chuang:

This Letter is intended to comply with the Court's Case Management Order and paperless order of July 19, 2019. In the paperless order, the Court denied without prejudice plaintiffs' pending State Court Emergency Motion for Partial Summary Judgment on grounds that the Case Management Order bars a motion "without first seeking a pre-motion conference with the Court." The paperless order directed plaintiffs to file a Notice of Intent to File a Motion by July 28, 2021, concerning the Motion for Partial Summary Judgment. This letter is intended to comply with that Order. Plaintiffs hereby request a pre-motion conference with the Court on that pending Motion for Partial Summary Judgment. Plaintiffs further request a pre-motion conference with respect to a new, separate motion for sanctions that plaintiffs intend to file against defendant, as more fully indicated below. By letter to the Court, dated July 19, 2021, defendant, Montgomery County, has already indicated its opposition to plaintiffs' Motion for Partial Summary Judgment and stated its intent to file a cross-motion for summary judgment. It does not appear that the matter can be resolved without a motion. There is no likelihood that the County will consent to sanctions under Rule 11, FRCP.

The verified complaint challenges the County's enactment of Bill 4-21, which is attached to the complaint. That Bill, which became effective on July 16, 2021, imposed sweeping new gun regulations on the residents of the County, including regulating mere possession, *inter alia,* of any type of firearm within 100 yards of any location where two or more members of the public "may assemble." Given the scope of that regulation, Bill 4-21 effectively regulates these firearms County-wide, including inside homes and businesses located throughout the County. The complaint alleges that Bill 4-21: (1) is not a local law within the meaning of Article XI–E, § 3 of the Maryland Constitution, as alleged in Count I; (2) violates the Express Powers Act, MD Code, Local Government, §10-206, in that it is inconsistent with and/or preempted by numerous provisions of Maryland general law, as alleged in Count II; (3) violates the Maryland Takings Clause, Article III § 40 and the Due Process Clause of Article 24 of the Maryland Declaration of

Rights by depriving plaintiffs of their vested property rights in the personal property regulated by Bill 4-21, as alleged in Count III; and (4) is so vague that it violates Article 24 of the Maryland Declaration of Rights, and, separately, the Due Process Clause of the Fourteenth Amendment, as alleged in Count IV. Plaintiffs seek declaratory and injunctive relief on all Counts and claims, compensatory damages for Count III (the State Takings claim), and nominal and compensatory damages under 42 U.S.C. § 1983, for the violations of their Federal constitutional rights alleged in Count IV. Plaintiffs hereby withdraw any claim for punitive damages under Section 1983 against the County. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

On June 16, 2021, plaintiffs filed in State Court an emergency motion for partial summary judgment on Counts I, II, and IV and requested an emergency hearing prior to Bill 4-21's effective date. Under MD Rule 2-311, the County's response to the Motion for Partial Summary Judgment was due within 15 days of service, or within the time allowed for a party's original pleading, or by June 12, 2021, the same day the answer was due under MD Rule 2-321. Plaintiffs' request for an expedited hearing was granted and a hearing was set for July 15, 2021, before the Honorable Judge Mahoney of the Circuit Court for Montgomery County. However, on the date its response was due, the County removed the case to this Court. The County's removal meant that the July 15, 2021 scheduled hearing in State Circuit Court was aborted, thereby delaying plaintiffs' effort to obtain a ruling prior to the July 16, 2021 effective date of Bill 4-21.

Under this Court's Local Rules, the removal did not obviate the County's obligation to file a timely response on July 12, 2021. Rule 103 5. b) of this Court's Local Rules provides: "If at the time of removal a motion is pending as to which a legal memorandum has been submitted, the party opposing the motion shall file an opposition memorandum on the date that the opposition memorandum was due in the State Court or within fourteen (14) days of the date of removal, *whichever is earlier*." (Emphasis added). Under Local Rule 103 5. b), the County's response to the Motion for Partial Summary Judgment was due on July 12, the date that a response would have been due in State Court. Local rules are binding on the Court and the parties alike. See, e.g., *In re Adams,* 734 F.2d 1094, 1098-99 (5th Cir. 1984) ("local rules have the same force and effect as law, and are binding upon the parties and the court until changed in the appropriate manner"); *Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37*, 64 F.3d 150, 154-55 (4th Cir. 1995) (reversing district court's failure to follow a local rule, holding that "[w]here a federal and local rule are not inconsistent," then "the clear language of the local rule dictates [the] decision . . . ."); *Jackson v. Beard*, 828 F.2d 1077, 1078–80 (4th Cir. 1987) (applying local rules as binding). In short, neither this Court nor the County is free to disregard the Local Rules. Yet, it is self-evident that the County ignored the requirements of Local Rule 103 5. b). The County is in default under the clear language of Local Rule 103 5. b).

As explained, the County's removal tactics negated plaintiffs' right to be heard at the scheduled July 15, 2021 hearing and thus destroyed the possibility that the hearing could have produced an order from the State Court that could have protected plaintiffs from the threat of arrest and prosecution. Any delay is prejudicial to plaintiffs, which is why plaintiffs sought emergency relief from the State Court and sought and received an expedited hearing on an emergency basis. In this regard, plaintiffs respectfully object to the July 19, 2021 paperless order's application of the Case Management Order to the then-pending Motion for Partial Summary Judgment. By its terms, the relevant section of the Case Management Order applies only to motions that are *to be* filed in *this Court*; not to motions *already filed* in *State Court* prior to removal. Such State Court motions are expressly governed by Local Rule 103 5. b). Applying the Case Management Order to plaintiffs'

Motion for Partial Summary Judgment was thus error. Indeed, it appears that Local Rule 103 5. b) was overlooked, as the paperless order was entered without reference to that Local Rule.

Viewed under an "objective standard," *In re Kunstler,* 914 F.2d 505, 518-19 (4th Cir. 1990), the circumstances establish that the last minute removal was filed for improper purposes. First, the removal was for the obvious purpose of avoiding filing a response and answer otherwise due in State Court, a result compounded by the County's willful failure to file a response as required by Local Rule 103 5. b). Second, the removal was intended to sabotage the July 15, 2021, scheduled hearing date in State Court and thus avoid a potentially adverse ruling against the County. Third, by aborting the July 15 hearing, the County's removal needlessly placed plaintiffs at continual risk of criminal enforcement proceedings, which is a form of harassment. Fourth, there was no apparent legitimate reason for the County's decision to remove this case at the last possible moment. Fifth, as the County's July 19 Letter demonstrates, by removal, defendant has sought to gain Article III standing arguments that are, by definition, not available in State Court where this suit was filed. That is an improper purpose as seeks to use removal to gain a tactical advantage on an issue unrelated to the merits. See, e.g., *ATSI Comm., Inc. v. Shaar Fund, Ltd*., 579 F.3d 143, 154 n.11 (2d Cir. 2009) (noting that a suit filed to gain a tactical advantage and not to vindicate the party's rights is an improper purpose). The County also essentially argues that declaratory relief is not now available because Bill 4-21 has gone into effect, an argument made available only through the delay created by the removal. These tactics add needless expense and cost to the litigation.

By any objective measure, the County's course of conduct, taken as a whole, is sanctionable under Rule 11(b)(1), FRCP. See, e.g., *Sheets v. Yamaha Motors Corp.,* 891 F.2d 533, 537 (5th Cir. 1990) ("Even if a party's motion is well grounded in fact and warranted by existing law, the second prong of rule 11 provides that it may be sanctionable if it is 'interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'"); *FDIC v. Maxxam, Inc*., 523 F.3d 566, 577 (5th Cir. 2008) (same). An appropriate sanction would be to vacate the removal and remand the entire case back to State Court and award attorney's fees to plaintiffs. Plaintiffs intend to request this relief in a motion filed in accordance with Rule 11(c), FRCP.

At a minimum, and as detailed in plaintiffs' letter to the Court filed July 21, 2021, the Court should immediately sever and remand all the State law claims and hold in abeyance any further proceedings on the federal vagueness claim set forth in Count IV. The State law claims set forth in Counts I, II, and IV are addressed in detail in the supporting memorandum of law filed with Motion for Partial Summary Judgment. That memorandum demonstrates that these State law claims subject to the motion are highly meritorious and that relief likely would have been granted by the State Court but for defendant's improper removal. A Maryland municipality should not be heard to argue that the Maryland court system is inadequate to protect it.

Sincerely,

/s Mark W. Pennak

Mark W. Pennak
Counsel for Plaintiffs
mpennak@marylandshallissue.org
(301) 873-3671
cc: All Counsel via ECF.