**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No.: 8:21-cv-01736-TDC |
| | * | |
| MONTGOMERY COUNTY, MARYLAND | * | |
| | * | |
| Defendant | * | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO SEVER AND REMAND (ECF 18)**

Montgomery County, Maryland, ("County") by and through its undersigned counsel, respectfully submits the following Opposition to Plaintiffs' Motion to Sever and to Remand All State law Claims Removed by the Defendant and to Hold in Abeyance the Sole Remaining Federal Claim Until Completion of State Court Proceedings (ECF 18), and for the reasons stated below, requests that the Court exercise its supplemental jurisdiction over all of the intertwined claims in this case.

**I.      BACKGROUND**

Plaintiffs' Complaint challenges the County's enactment of Bill 4-21.  According to the Complaint, Defendant County signed into law Bill 4-21 on April 16, 2021, which made changes to Chapter 57, Weapons, of the Montgomery County Code.  (*See* Complaint, ℙ 1.)  The bill amends Sections 57-1, 57-7, 57-11 and adds Section 57-16.  (*Id.*, Exhibit A, Signed Bill 4-21.)  The law went into effect on July 16, 2021. (*Id.*, ℙ 1.)  Specifically, Bill 4-21 restricts the "possession, use, sale, and transfer" of "ghost guns, undetectable guns, and certain other firearms" "with respect to minors" and "within 100 yards of places of public assembly."

II.     **ALLEGATIONS OF THE COMPLAINT**

In Count I of the Complaint, Plaintiffs aver that Bill 4-21 is not a "local law" and that the County "exceeded its powers and jurisdiction to regulate" firearms in "direct conflict" with Article XI-E § 3 of the Maryland Constitution.[1]   In Count II Plaintiffs allege that Bill 4-21 is in conflict with and preempted by several state statutes that regulate firearms. (*Id.*, ¶ 36-39.)  Count III alleges that the restrictions in Bill 4-21 violate the Maryland Takings Clause, Md. Const., Article III § 40 and the Due Process Clause of the Maryland Declaration of Rights by "depriving Plaintiffs of their vested property rights in [ ] personal property." (*Id.* ¶ 43-50).  In Count IV, Plaintiffs argue that Bill 4-21 is impermissibly vague and violates Plaintiffs' Federal Due Process rights under the Fourteenth Amendment and Due Process rights under Article 24 of the Maryland Declaration of Rights. (*Id.* ¶ 51-66).   Pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiffs seek compensatory damages, nominal damages, and attorney's fees.  (*Id.* ¶ 66).

III.    **ARGUMENT**

A.      **§ 1441(c) is not Applicable because Supplemental Jurisdiction is Permitted**

Plaintiffs first argue that 28 U.S.C. § 1441(c) compels this Court to sever and remand the state law claims not within this Court's original jurisdiction.  But only by selectively omitting the words "supplemental jurisdiction" from the text of § 1441(c) are Plaintiffs able to cobble together their disingenuous argument that this Court is required to sever and remand all claims outside of its original jurisdiction.  Plaintiffs' misleading argument reads as follows:

> "However, as amended in 2011, Section 1441(c) specifically addresses cases, like
> this case, where a federal claim is joined with state claims that are not otherwise

---

[1] The Complaint alleges that the Bill is not a local law under Md. Const. Art. XI-E, § 3. Compl. ¶ 39. Art. XI-E governs the home rule authority of municipal corporations; the County's authority is governed by Art. XI-A ("the Home Rule Amendment"). *See, e.g., FOP v. Montgomery Cnty.*, 446 Md. 490, 518 (2016); *Save Our Sts. v. Mitchell*, 357 Md. 237, 250 n.8 (2000); *Gordon v. Comm'rs of St. Michaels*, 278 Md. 128, 132 (1976).

within the **original jurisdiction** of the district court. In such cases, subsection (c)(1) instructs that 'the entire action may be removed,' but then provides, in subsection (c)(2), that 'the district court shall sever from the action all claims' over which the court would not otherwise have **original jurisdiction** (State law claims), and further provides that the district court 'shall remand the severed claims to the State court from which the action was removed.'"

Pls.' Mot. 3 (quoting § 1441(c)(2)) (emphasis added).  Plaintiffs ignore that the mandatory severance and remand language of § 1441(c)(2) is confined to "action[s] described in paragraph (1)"—actions that are not within this Court's original **or supplemental jurisdiction**.  Plaintiffs ignore the removal statute's recognition of supplemental jurisdiction and argue that this Court may only hear claims that fall within its original jurisdiction. The entirety of § 1441(c) is copied below, emphasis added:

> (c) Joinder of Federal law claims and State law claims.
> (1) If a civil action includes—
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331]), and
>> (B) a claim not within the original **or supplemental jurisdiction** of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of **an action described in paragraph (1)**, the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

This action falls outside the scope of § 1441(c)(1)(B) because all of Plaintiffs' claims are properly the subject of this Court's supplemental jurisdiction under § 1367.  Therefore, this action falls outside the scope of § 1441(c)(2) because, by its own terms, the mandatory "shall" language of § 1441(c)(2) is only applicable to "an action described in paragraph (1)."  If, as Plaintiffs argue here, the Court were required to sever and remand any action over which it did not have original jurisdiction, then supplemental jurisdiction and § 1367 would be rendered moot.

3

### B.    This Court Should Exercise Supplemental Jurisdiction Over All of Plaintiffs' Intertwined Claims

With some exceptions discussed below, this Court may exercise its supplemental jurisdiction under U.S.C. § 1367(a) if "the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).  As this matter pertains solely to the County's passage of Bill 4-21, all counts in Plaintiffs' Complaint plainly arise from the same controversy and derive from a common nucleus of fact.  The question presented here is whether any of the exceptions of § 1367(c) would permit the Court to decline to exercise supplemental jurisdiction and, if so, should the Court still exercise supplemental jurisdiction based on other factors including fairness and economy.

A court's discretion to decline to exercise its supplemental jurisdiction is circumscribed by 28 U.S.C. § 1367(c).[2] According to the statute, a declination is permitted only when (1) the claim over which the court has supplemental jurisdiction "raises a novel or complex issue of State law," (2) the state law claims "substantially predominate over" the claim over which the court has original or removal jurisdiction, (3) the court has dismissed all claims over which it has original or removal jurisdiction, or (4) there are "exceptional circumstances" and "compelling reasons." 28 U.S.C. § 1367(c).

The court's discretion is further circumscribed by case law. After determining that one or

---

[2] § 1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

more of these statutory factors would be satisfied, "the federal court should consider 'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Plaintiffs argue that § 1367(c)(1) and § 1367(c)(2) are applicable here.  They are not.

### 1)       Bill 4-21 Does Not Present a Novel or Complex Issue of State Law

Plaintiffs argue that interpretation of Bill 4-21 within the landscape of several Maryland gun control statutes presents a novel or complex issue of State law.  These issues are neither novel nor complex and there is ample authority interpreting the statutes at issue. *See, e.g.*, *State v. Phillips*, 210 Md. App. 239 (2013) (Maryland has not so extensively regulated the firearms field that all local laws relating to firearms are preempted); 76 Md. Op. Att'y Gen. 240 (1991) (recounting legislative history of Md. Code, Crim. Law (CL) § 4-209 and concluding that it authorized a local law prohibiting leaving a loaded—or an unloaded firearm near ammunition— in the proximity of a child); 82 Md. op. Att'y Gen. 84 (1997) (Concluding that CL § 4-209 authorized proposed Montgomery and Prince George's County laws related to trigger locks).

Notwithstanding their misapplication of the case law, Plaintiffs' own Motion for Summary Judgment (ECF8) demonstrates that there is a wealth of case law discussing the authority of a charter county to enact local legislation under the Maryland Constitution and the Express Powers

Act, Md. Code Ann., Local Gov't § 10-101 et seq.[3] And even more cases exist exploring conflict and preemption between state and local laws.[4]

Defendant concedes that, with the noteworthy exceptions carved out in CL § 4-209, Maryland has expressly preempted much gun regulation by Maryland localities.  Whether Bill 4-21 fits within the exceptions of CL § 4-209(b) is not novel or complex and this Court should exercise its supplemental jurisdiction over Counts I and II on that basis.  Count III, alleging an unlawful taking under Article III, § 40 of the Maryland Constitution, and Article 24 of the Maryland Declaration of Rights, is not novel or complex largely because the subject Maryland constitutional provisions are nearly identical to the Fifth and Fourteenth Amendments to the U.S. Constitution.  "The decisions of the Supreme Court are practically direct authorities for the Fifth and Fourteenth Amendments to the United States Constitution and Article III, § 40, of the Maryland Constitution . . . ." *Niefert v. Department of the Environment*, 395 Md. 486, 518 (2006) (internal quotations omitted); *see also Department of Trans., Motor Vehicle Admin. and Dep't of Health and Mental Hygiene v. Armacost*, 299 Md. 392, 420 (1984).  This Court is well-equipped to handle the state law claims in Counts I, II, and III and should exercise its supplemental

---

[3] Maryland court have sustained a wide variety of local legislation under the Home Rule Amendment and the Express Powers Act. *See FOP v. Montgomery Cty.*, 446 Md. 490, 518-19 (2016) (spending to support a proposed charter amendment on the ballot); *Tyma v. Montgomery Cnty., Md.*, 369 Md. 497 (2002) (sustaining the County's domestic partnership benefits law); *Cade v. Montgomery County*, 83 Md. App. 419, *cert. denied*, 320 Md. 350 (1990) (sustaining the County's towing law); *Holiday Universal Club of Rockville, Inc. v. Montgomery County*, 67 Md. App. 568, *cert. denied*, 307 Md. 260 (1986) (sustaining the County's public accommodation law); *Montgomery Citizens League v. Greenhalgh*, 253 Md. 151, 161 (1969) (sustaining the County's fair housing law).

[4] *Montgomery Cnty. v. Complete Lawn Care, Inc.*, 240 Md. App. 664 (2019) and *Bd. of Cnty. Comm'rs v. Perennial Solar, LLC*, 464 Md. 610 (2019) are just two of the most recent cases examining conflict and preemption. And *State v. Phillips*, 210 Md. App. 239 (2013) and *Montgomery Cnty. v. Atlantic Guns, Inc.*, 302 Md. 540 (1985) explored preemption and conflict between local and state firearms laws.

jurisdiction to do so.

Even when presented with issues of first impression under Maryland law, this Court has repeatedly exercised jurisdiction and ruled. *See Hafford v. Equity One, Inc.*, Civil Action No. AW-07-1633, AW-06-0975, 2008 U.S. Dist. LEXIS 31964, at \*13 (D. Md. Mar. 31, 2008) (interpreting Com. Law. § 12-405 regarding permissible loan origination fees as a matter of first impression); *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514 (D. Md. 1998) (determining as a matter of first impression the standard for good cause as set forth in Md. Rule 2-507); *Zachair, Ltd. V. Driggs*, 965 F. Supp. 741, 752 (D. Md. 1997) (interpreting scope of Md. Rule of Professional Conduct 4.2 as a matter of first impression in Maryland); *Davison v. Sinai Hosp. of Baltimore, Inc.*, 462 F. Supp. 778, 779 (D. Md. 1978) (deciding question of first impression under Maryland statute—the Maryland Health Care Malpractice Act).  Indeed, when this Court is confronted with an issue of state law without any case law directly on point, the Court must attempt to rule on the question "as the state court would do if confronted with the same fact pattern." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994).

The only remaining piece of the puzzle is for this Court to determine the meaning of Bill 4-21 and whether it fits within the statutory exception to preemption contained within MD Code, Crim. Law § 4-209(b).  These issues are not novel or complex and this Court is perfectly capable of resolving them.

### 2)      All Counts of the Complaint are Intertwined, and None Predominate

Plaintiffs argue severance and remand is necessary because Count I (Bill 4-21 not a local law under Maryland Constitution) and Count II (Bill 4-21 is in conflict with and prempted by various State firearms laws) of their complaint predominate over the 14th Amendment vagueness issue.  Plaintiffs stress that either Count I or Count II could completely resolve the case by

invalidating Bill 4-21 in its entirety.

Predominance is assessed through a consideration of the proof offered on the asserted claims, the scope of the issues raised, and the comprehensiveness of the remedy sought. *Gibbs*, 383 U.S. at 726-27; *Deshazo v. Smith*, 1:05CV1046, 2005 U.S. Dist. LEXIS 35903, 2005 WL 3416839, at *2 (E.D. Va. 8 Dec. 2005) ("Declining supplemental jurisdiction based on 28 U.S.C. § 1367(c)(2) involves proof that state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.") (internal citations omitted)); *Bagley v. Provident Bank*, No. Civ. WDQ-05-0184, 2005 U.S. Dist. LEXIS 45010, 2005 WL 1115245, at *1 (D. Md. 26 Apr. 2005) ("To 'substantially predominate,' however, a state claim must be more important, more complex, more time consuming to resolve, or in some way more significant than its federal counterpart.") (citations omitted)).  In this case, none of the claims can predominate because all rely on the same statutory analysis of Bill 4-21 as their bedrock.  With the exception of the value of any alleged taking in Count III, the proof offerred and scope of the issues raised are essentially identical across all four counts.  Likewise, the remedy available under Counts I, II, and IV are essentially the same with the exception of the availability of attorney's fees under Count IV.

Throughout their motion, Plaintiffs ignore that statutory analysis and interpretation of Bill 4-21 is logically antecedent to a ruling on all four counts.  Only after the Court has determined the meaning of Bill 4-21 can the Court rule on whether Bill 4-21 violates the Express Powers Act, is subject to State preemption, amounts to a taking in violation of the Maryland Constitution, or is so vague as to violate Plaintiffs federal due process rights.  For instance, in Plaintiffs' Motion for Summary Judgment (ECF 8) with respect to Count II, Plaintiffs argue that Bill 4-21 has "effectively rewritten" CL § 4-209 with amendments to County law that are "breathtaking and

leave no doubt that the County has vastly overreached." Pls.' Mot. for Summ. J. 10. In support of this argument, Plaintiffs aver that Bill 4-21's definition of a place of public assembly "literally regulates the totality of Montgomery County, including untold tens of thousands of homes and business throughout the County. Indeed, it is difficult to think of any location within the County that is not within 100 yards of a sidewalk or street, or other or other location where people 'may assemble.'" Pls.' Mot. for Summ. J. 12.  Plaintiffs' argument invites the Court to interpret and define a "place of public assembly" as used in Bill 4-21 and CL § 4-209.  As evidenced by Plaintiffs own arguments, this Court must engage in statutory analysis before ruling on Count II and the same analysis is equally necessary to rule on Plaintiffs federal claims under Count IV.  In sum, all four counts of the Complaint are so intertwined in statutory analysis that no single claim can predominate.

Section 1367(c)(2) "should be invoked 'where a state claim forms the real body of the case, to which the federal claim is only an appendage.'" *Holley v. Harper*, No. 5:06-cv-00425, 2007 U.S. Dist. LEXIS 12432, 2007 WL 580573, at *5 (S.D. W.Va. 21 Feb. 2007) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3rd Cir. 1995)).  To the extent Plaintiffs view their federal claims as "only an appendage" they should voluntarily dismiss them and destroy this Court's federal question jurisdiction.

### 3)     Common Law Considerations

Even if this Court finds that one or more of the factors of § 1367(c) are applicable, the Court is still permitted to exercise supplemental jurisdiction over all counts of the Complaint. "Even if the state constitutional claims did present novel or complex questions of state law, the district court was not required to remand them. Section 1367(c) is permissive—it merely allows a district court to dispose of a state claim over which it could exercise supplemental jurisdiction."

9

*Isaac v. N.C. DOT*, 192 F. App'x 197, 200 (4th Cir. 2006).  In addition to the factors listed in §

1367(c), "when the exercise of this discretion involves the additional question of whether to

remand the case to State court, the federal court should consider 'principles of economy,

convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to

a 'manipulative tactic.'" *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001)

(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  The Court's decision to

exercise or decline supplemental jurisdiction is reviewed on an abuse of discretion standard. *Isaac*,

192 F. App'x at 200, citing *White v. County of Newberry, S. C.*, 985 F.2d 168, 172 (4th Cir. 1993).

In the instant case, the "principles of economy, convenience, fairness, and comity" militate

in favor of exercising supplemental jurisdiction over all claims.  The convenience and economy of

the parties and the Court weigh heavily in favor of a single adjudication of all claims in this Court.

The Plaintiffs' Motion, if granted, would turn the efficiency and judicial economy underlying

federal supplemental jurisdiction on its head. Although all the Plaintiffs' claims arise out of a

single law—Bill 4-21—they propose that those claims be litigated first in state court and then

again in this federal forum requiring each court to analyze Bill 4-21 and its application.  It is

unclear, if Plaintiffs' Motion were granted, how long this Court would hold Count IV in abeyance

particularly given the high likelihood that any state court ruling would be appealed.  Plaintiffs also

do not explain whether this Court would be bound by any findings of fact or conclusions of law

rendered in state court or whether all such issues would need to be relitigated.  Indeed, issues of

estoppel may well arise as the legal theories advanced by Plaintiffs contain significant overlap.

With regard to fairness, the Plaintiffs punched their ticket to federal court when they included

§ 1983, § 1988, and the Fourteenth Amendment in their complaint.  It would be unfair to both the

Courts and the Defendant to litigate the meaning and legality of Bill 4-21 in two separate actions.

Finally, with respect to comity, this Court may choose to certify questions of state law to the Maryland Court of Appeals under Md. Code, Cts. & Jud. Proc. § 12-603. Certification would also resolve Plaintiffs' complaint that this Court cannot issue binding precedent with respect to Bill 4-21. However, there is no inverse mechanism in the Maryland Rules for Defendant to have Plaintiffs' federal claims adjudicated by a federal court.[5]

### C.   Cases Cited by Plaintiffs are Inapposite

Plaintiffs rely heavily on Judge Blake's opinion in *Joyner v. A.C. & R. Insulation Co.*, No. CCB-12-2294, 2013 U.S. Dist. LEXIS 31549, at *31-32 (D. Md. Mar. 7, 2013). In *Joyner*, the Plaintiff suffered from mesothelioma and filed suit in Maryland state court against seven defendants including Crane, Co. Defendant Crane Co. was involved in the manufacture of asbestos products and did so under a contract with the United States Coast Guard. Relying on the federal officer removal statute, 28 U.S.C. § 1442(a)(1), Crane, Co. removed the case to federal court. While the presence of a defense under federal law is insufficient to confer federal jurisdiction under 28 U.S.C. § 1331, the federal contractor defense at issue in *Joyner* is sufficient to permit removal under 28 U.S.C. § 1442(a)(1). The federal contractor defense was not available to any of the other six defendants and was not applicable to all claims asserted against Crane Co. Plaintiff moved the Court to remand the entire case to the Circuit Court for Baltimore City. In the event that motion failed, Plaintiff moved to sever one piece of his claim against Crane Co. from the rest of the suit and to remand the other claims to the state court. Upon finding that Crane Co. had a

---

[5] Plaintiffs appear to concede that this Court has original jurisdiction over the federal claims asserted in Count IV. Indeed, once properly invoked, this Court has no choice but to exercise its original jurisdiction. *See e.g. England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964) ("When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction . . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied.")

colorable federal contractor defense that supported removal, Judge Blake severed Plaintiff's claims against Crane Co. from Plaintiff's claims against all other defendants.  The claims against all other defendants were remanded to state court.  Judge Blake declined, however, to sever and remand some of Plaintiff's claims against Crane Co. to which the federal contractor defense was not viable. Instead, Judge Blake exercised her supplemental jurisdiction over all claims asserted against Crane Co., regardless of whether each claim could support removal under 28 U.S.C.S. § 1442(a)(1). Judge Blake reasoned that

> [S]everance must be done without inviting diseconomy. To bifurcate Joyner's claim against Crane Co. would compel Crane Co. to conduct simultaneous, parallel litigations in state and federal court-the claim related to its valves would remain here while the claim related to its gaskets would follow the other defendants back to state court. This would unfairly prejudice Crane Co.

*Id.* at 33.  While Plaintiffs herein are kind enough to offer a stay, rather than simultaneous dual-forum litigation, the diseconomy of litigating statutory interpretation of Bill 4-21 in two courthouses cannot be ignored.  Indeed, Judge Blake's ruling in *Joyner* actually supports the conclusion that this Court should exercise its supplemental jurisdiction and keep all of Plaintiffs' claims against Defendant in a single litigation.

Plaintiffs also rely on Judge Russell's opinion in *Thomas-Fish v. Ford Motor Co.*, Civil Action No. GLR-16-496, 2017 U.S. Dist. LEXIS 225256 (D. Md. May 17, 2017), a second mesothelioma case in which Crane Co. (and five other defendants) removed a state court lawsuit to federal court based on their federal contractor defense.  The Court dismissed all six defendants to which the federal contractor defense was applicable and then remanded the remaining claims for which there was no basis for federal jurisdiction.  The *Thomas-Fish* case is inapposite because

all claims for which the Court could exercise its original jurisdiction were dismissed.[6]  Here,

Plaintiffs federal claims against Defendant are still at issue and this Court should exercise its

supplemental jurisdiction over the remaining intertwined state law claims.

Plaintiffs' reliance on *Jones v. Prince George's Cty.*, Civil Action No. AW-04-1735, 2005

U.S. Dist. LEXIS 48124 (D. Md. Apr. 28, 2005) is similarly misplaced because all of the federal

claims had been dismissed leaving only state law claims remaining.  Judge Williams declined to

exercise supplemental jurisdiction over the remaining state law claims and remanded them to the

Circuit Court.

In support of their argument that the state law claims herein predominate, Plaintiffs rely on

*Oliver v. Campbell McCormick, Inc.*, No. CCB-16-1057, 2016 U.S. Dist. LEXIS 92756 (D. Md.

July 18, 2016).  The holding of *Oliver* is inapposite because it pertains to severance of third-party

claims for indemnity and contribution.  In *Oliver*, the plaintiff sued a litany of defendants in state

court for exposure to asbestos and resulting mesothelioma.  None of the defendants removed or

had a basis for removal.  Some of the defendants filed third-party claims for indemnity and

contribution.  One of those third-party defendants, General Electric, removed the case based on its

federal contractor immunity.  Judge Blake severed and remanded Plaintiff's claims against the

defendants but kept the third-party claims for indemnity and contribution.  Judge Blake reasoned

that "the federal contractor defense, the one claim that provides this court with original jurisdiction,

would become relevant only if the defendants are found to be liable for Oliver's *state law* causes

of action."  Judge Blake further reasoned that the third-party claims for indemnity and contribution

---

[6] "[T]he parties do not dispute that the third statutory grounds for remand applies: the Court has dismissed all of the claims over which it had removal jurisdiction. The parties' disagreement centers on whether the principles of economy, convenience, fairness, and comity support remand." *Thomas-Fish*, 2017 U.S. Dist. LEXIS 225256 at *18.

do not actually accrue until a plaintiff secures a judgment against one of the defendants asserting the third-party claim.  Thus, as the indemnity claims had not actually accrued, the Plaintiff's state law claims against the defendants predominated and severance and remand were appropriate.  The procedural posture of *Oliver*, severing not-yet-accrued third-party claims, is simply not applicable here.  In the instant matter all four counts of the Plaintiffs' Complaint are on equal footing as each pertains equally to all parties and all counts involve interpretation of the same statutory language.

## IV.    CONCLUSION

Defendant respectfully requests that this Court deny Plaintiffs' Motion and exercise supplemental jurisdiction over the state-law claims.

Respectfully submitted,

MARC P. HANSEN
COUNTY ATTORNEY

_____/s/_____
Patricia L. Kane, Chief
Division of Litigation
patricia.kane@montgomerycountymd.gov
Bar No. 13621

_____/s/_____
Edward B. Lattner, Chief
Division of Government Operations
edward.lattner@montgomerycountymd.gov
Bar No. 03871

_____/s/_____
Sean C. O'Hara
Associate County Attorney
sean.ohara@montgomerycountymd.gov
Bar No. 20725
Attorneys for Defendant Montgomery
County, Maryland
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax