IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 8:21-cv-01736-TDC |
| ) | |
| MONTGOMERY COUNTY, MD, ) | |
| ) | |
| *Defendant*. ) | |

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO SEVER AND TO REMAND ALL STATE LAW CLAIMS
REMOVED BY THE DEFENDANT AND TO HOLD IN ABEYANCE THE SOLE
REMAINING FEDERAL CLAIM UNTIL COMPLETION OF STATE COURT
PROCEEDINGS**

Plaintiffs respectfully submit this Reply in support of their Motion to Sever and Remand All State Law Claims. This motion should be granted for the reasons set forth below and in the opening motion.

**ARGUMENT**

**I. THIS COURT SHOULD SEVER AND REMAND THE STATE LAW CLAIMS AS THESE CLAIMS PREDOMINATE AND COULD RESOLVE THE CASE WITHOUT REGARD TO THE SOLE FEDERAL CLAIM**

**A. Introduction**

Plaintiffs in this case seek severance and remand of the State Law claims pursuant to 28 U.S.C. § 1367(c)(1), (2), which provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

Plaintiffs and defendant Montgomery County, Maryland ("the County"), agree that the standard to be applied for this motion is controlled by the Fourth Circuit's decision in *Hinson v. Norwest Financial South Carolina, Inc.,* 239 F.3d 611 (4th Cir. 2001), where the Fourth Circuit held that the discretion accorded by these provisions of Section 1367(c) should be exercised by reference to the principles articulated by the Supreme Court in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). *Carnegie-Mellon*, in turn, states that "a remand may best promote the values of economy, convenience, fairness, and comity," and that "litigants and States have an interest in the prompt and efficient resolution of controversies based on state law." 484 U.S. at 353.

As detailed in the opening motion, remand and severance is especially appropriate under Section 1367(c)(1) and (c)(2), as the State law claims raise "novel or complex" issues of State law and the State law claims "substantially predominate" over the single claim, the Fourteenth Amendment Due Process Clause vagueness claim set out in Count IV of the complaint, over which this Court has original jurisdiction. The County, in its opposition, argues that neither (c)(1) nor (c)(2) should be applied because (1) this case does not present a novel or complex issue of State law, (2) that the Fourteenth Amendment claim is supposedly "intertwined" with all the State law claims, and (3) that this Court "is perfectly capable of resolving" these State law questions. (Opp. at 7). The County's first two assertions are wrong and the third assertion is irrelevant under standard set out in *Hinson* and *Carnegie-Mellon*.

**B.      Bill 4-21 Represents An Unprecedented Assertion Of Regulatory Power**

The County's assertion that Bill 4-21 does not involve a novel or complex question concerning the scope of the County power to criminalize the possession, transport, transfer and sale of firearms throughout Montgomery County is risible. The County relies solely on the provisions of MD Code, Criminal Law 4-209(b), to justify this legislation. The County does not dispute that Bill 4-21 reaches into virtually every home and every business throughout the County by defining the "place of assembly" to include every location, private or public, that two or more members of the public "may meet." The County does not dispute that no other local governmental entity has ever attempted to enact any legislation remotely like Bill 4-21. The County does not dispute that Bill 4-21 is in direct conflict with no fewer than *five* separate express preemption provisions set out in other parts of Maryland law. The County does not dispute that its prior attempt to regulate firearms in Montgomery County was invalidated by the Maryland Court of Appeals in *Montgomery County v. Atlantic Guns, Inc.*, 302 Md. 540, 489 A.2d 1114 (1985), under one of those preemption provisions that the County disregarded with the enactment of Bill 4-21. The County does not dispute that its law conflicts with numerous provisions of State law that expressly permit conduct that the County has now banned with the enactment of Bill 4-21. The County does not dispute that Bill 4-21 reaches beyond the borders of Montgomery County to regulate the movement of persons and goods being transported into or through the County in intrastate and interstate commerce. See Supporting Memo. at 32-33.

The novel and complex issue thus presented is whether Section 4-209(b) authorizes such extreme legislation. The County merely asserts that "there is ample authority interpreting the statutes at issue" and cites to a number of cases that address preemption in general, but general preemption cases will be of limited assistance on this very specific question concerning the scope

of Section 4-209. The County does cite two cases, *State v. Phillips,* 210 Md. App. 239, 63 A.3d 51 (2013), and *Atlantic Guns,* that do address firearms preemption. (Opp. at 6 n.4). Neither of those cases address the scope of authority bestowed by Section 4-209(b). In *Phillips*, the issue was whether Baltimore City's ordinance requiring gun offenders to register with the Police Commissioner was impliedly preempted. The court cited the preemption provisions of Section 4-209, but noted that the complainant in that case "does not contend, nor could he that the Act is expressly preempted by conflict" because the Act at issue "does not regulate the possession or sale of a firearm." (210 Md.App. at 280). Here, in contrast, Bill 4-21 does expressly "regulate the possession or sale of a firearm." Indeed, Bill 4-21 rewrites the exception provisions of Section 4-209(b) in a manner that effectively nullifies the broad preemption provisions of Section 4-209(a) as well as being in direct conflict with five *other* express preemption provisions in Maryland law. See Supporting Memo. at 12-18.

The other decision cited by the County, *Atlantic Guns*, invalidated the County's attempt to regulate ammunition in the County, holding that the ordinance was preempted by 1972 Session Laws of Maryland, ch. 13, § 6 (expressly preempting "the right of political subdivisions" to regulate "the wearing, carrying, or transporting of handguns"). Yet, Section 4-209 is not mentioned in *Atlantic Guns,* as the decision came down before Section 4-209 became law in 1985. The County does not deny that Bill 4-21 conflicts with the preemption provisions of 1972 Session Laws of Maryland, ch. 13, § 6, as applied in *Atlantic Guns*. It merely asserts that Section 4-209(b) trumps that preemption provision as well as all other express preemption provisions. See Motion at 6. By any measure, that assertion of power presents a novel and important question of State law which *Atlantic Guns* leaves unanswered. We have found no case, and the County cites none, that purports to apply the Express Powers Act, MD Code, Local Government, §10-206, with respect to a local

firearms ordinance. Similarly, there is no case addressing whether such local firearms regulations could be an unconstitutional "general law" because of its sweep. See Supporting Memo. at 31-35.

Indeed, the only court to actually address the scope of authority bestowed by Section 4-209(b) is a decision by *this Court* in *Mora v. City of Gaithersburg*, 462 F.Supp.2d 675, 689 (D. Md. 2006*), modified on other grounds*, 519 F.3d 216 (4th Cir. 2008), which held that "the exceptions to otherwise blanket preemption [in Section 4-209(a)] are narrow and strictly construable." The County has not cited *Mora* in its papers filed with this Court and the County was able to ignore *Mora* in enacting Bill 4-21, as *Mora* is not binding precedent in Maryland. Any decision of this Court in this case will also not be binding precedent and thus this Court's decision will likewise be ignored by the County in the next case, if doing so suits the County. The County states that it will appeal any decision of this Court. (Opp. at 10). But, a decision by the Fourth Circuit will not establish binding precedent either. Plaintiffs thus elected to proceed in State Court in order to establish such precedent concerning Section 4-209(b).

The Attorney General opinions (Opp. at 5), cited by the County, 82 Md. Op. Att'y Gen. 84 (1997), and 76 Md. Op. Att'y Gen. 240 (1991), are also not binding but they actually hurt the County's position. For example, the 1997 opinion addresses the "with respect to minors" provision in Section 4-209(b), and states that this provision "cannot be a pretext for regulation of adults' access to handguns." Opinion at 86. Yet, Bill 4-21 does precisely that by banning unserialized firearms and components in the home as well as criminalizing the possession of such a firearm or component in the mere "presence" of a minor. See Supporting Memo. at 26-30. Similarly, the 1991 Opinion concerning minors tracks the legislative history of Section 4-209, but makes clear that the exception for minors allows local regulation for "minors' access to firearms," not regulations controlling the conduct of adults in the "presence" of minors. See Supporting Memo. at 28. Not

surprisingly, the County did not seek the opinion of the Attorney General before enacting Bill 4-21, as the County did with respect to the ordinance invalidated in *Atlantic Guns*. See 67 Md. Op. Att'y. Gen. 316 (1982). It appears that only binding precedent will deter the County. Only a remand will make that possible.

      **C.**    **Counts I and II Predominate Over the Count IV Vagueness Claim And Are Not "Intertwined" With the Count IV Vagueness Claim**

The County asserts that the Maryland Constitutional issue presented in Count I and the Express Powers Act claim presented in Count II are "intertwined" with and do not predominate over the Fourteenth Amendment Due Process Claim presented in Count IV. Those assertions do not survive scrutiny. First, the County is simply wrong in asserting that the proof offered on Count I and Count II will be the same proof offered on County IV because all claims rely on the "same statutory analysis of Bill 4-21." (Opp. at 8). In order to prevail on Count I, plaintiffs need only show that Bill 4-21 is not a local law under Section 3 of Article XI-A of the Maryland Constitution. That proof merely requires that Bill 4-21 "affects the interest of the whole state," *Cole v. Secretary of State*, 249 Md. 425, 434, 240 A.2d 272 (1968), or "affects the rights of persons without the area to carry on a business or to do the work incident to a trade, profession, or other calling within the area." *Dasch v. Jackson*, 170 Md. 251, 261, 183 A. 534 (1936). That hardly requires a detailed analysis of all parts of the Maryland statutory scheme with respect to firearms, much less any inquiry into whether Bill 4-21 is fatally vague.

To prevail on Count II, the Express Powers Act claim, plaintiffs need only show that the bill is inconsistent with or is preempted by State law. The County does not dispute that Bill 4-21 conflicts with the five express preemption provisions and is inconsistent with the multitude of State statutes cited in plaintiffs Motion for Partial Summary Judgment and in the complaint. Instead, the

County is asserting that none of those provisions and statutes control because its actions have been authorized by Section 4-209(b). See County Letter of July 19, 2021 at 3. By any measure, that is an extraordinary interpretation of Section 4-209(b) for which the County cites no supporting authority. See Supporting Memo. at 8-9.

If plaintiffs prevail on Count I and/or Count II, that would end the case and there would be no need to determine whether Bill 4-21 is unconstitutionally vague under Article 24 of the Maryland Constitution or the Due Process Clause of the Fourteenth Amendment. Counts I and II form the crux of this case as these claims involve fundamentally important issues concerning the scope of the County's authority under the Maryland Constitution and the Express Powers Act. See *Arrington v. City of Raleigh*, 369 Fed.Appx. 420, 2010 WL 750085 (4th Cir. 2010) ("resolution of the important and potentially far-reaching issues of state law presented by this case should be remitted to state courts"); *Roe v. Cheyenne Mountain Conference Resort, Inc*., 124 F.3d 1221, 1237 (10th Cir. 1997) (requiring remand of a privacy claim so as to obtain "an authoritative state court ruling" rather than "a guess or uncertain prediction by a federal court"); *Green v. Zendrian*, 916 F.Supp. 493, 498 (D. Md. 1996) ("It is axiomatic that questions of state constitutional law are to be answered by state courts, rather than by the federal judiciary."): *Jones v. Baugher*, 689 F.Supp.2d 825 (D.W.V. 2010) ("A state claim substantially predominates if the claim over which the court has original jurisdiction 'is only an incident or adjunct of the state claim and [ ] the state claim is the crux of the action.'"), quoting *Spaulding v. Mingo County Bd. of Educ*., 897 F.Supp. 284, 289 (S.D. W.Va. 1995).

Moreover, the County does not dispute that a decision on Count IV could not possibly end the case as there are parts of Bill 4-21 which are perfectly clear (and thus not vague), but would still violate the Express Powers Act or be part of a general law in violation of the Maryland

Constitution. See Motion at 9-10. Claims that could end the case (Counts I and II) predominate over a claim (Count IV) that could not. Case ending claims are more "important." *Bagley v. Provident Bank*, 2005 WL 1115245, at *1 (D. Md. Apr. 26, 2005), because such claims provide a more a "comprehensive[]" remedy than any claim that could not end the case. *Deshazo v. Smith*, 2005 WL 3416839, at *2 (E.D. Va. 8 Dec. 2005). Here, litigating all the claims in this Court could "accurately be described as allowing a federal tail to wag what is in substance a state dog." *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 789 (3d Cir. 1995). See also *Kimberlin v. National Bloggers Club,* 2015 WL 1242763 at *18 (D. Md. March 17, 2015) (holding that state claims predominated where such claims were more numerous than the sole federal claim and where there was "no federal policy that would be furthered by this Court presiding over [plaintiff's] remaining state law claims").

The County also asserts that the legal issues on Count I and Count II are the same as those presented in Count IV because the "same analysis" of the statutory scheme created by Bill 4-21 would still be required. (Opp. at 9). That assertion is self-evidently wrong. As explained above, Count II would require this Court to compare Bill 4-21 to a whole body of other State firearms law, including (but not limited to) the broad preemption imposed by Section 4-209(a) as well as the five other preemption statutes. Count I would require the Court to determine whether Bill 4-21 "deals with the general public welfare, a subject which is of significant interest not just to any one county, but rather to more than one geographical subdivision, or even to the entire state," *Steimel v. Board,* 278 Md. 1, 5, 357 A.2d 386 (1976), or "affect the interest of the whole state." *Cole v. Secretary of State*, 249 Md. 425, 434, 240 A.2d 272 (1968), or "affects the rights of persons without the area to carry on a business or to do the work incident to a trade, profession, or other calling within the area." *Dasch v. Jackson*, 170 Md. 251, 261, 183 A. 534 (1936).

*None* of these legal issues is presented with respect to the Due Process claim of Count IV. Contrary to the County's assertion (Opp. at 9), this Court need not interpret Section 4-209 under Count IV because Count IV does not challenge the County's interpretation of Section 4-209. The County's interpretation of Section 4-209 is challenged in Count II. To address the vagueness challenge alleged in Count IV, this Court would consider *only* the provisions of Bill 4-21 and determine whether those provisions "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). The scope of Section 4-209 is irrelevant in that inquiry.

That vagueness inquiry requires an analysis not relevant to any other claim. For example, Bill 4-21 creates a strict liability criminal offense because it has no *mens rea* requirement and vagueness in such a statute is especially problematic under the Due Process Clause. See Supporting Memo. at 38. While the Supreme Court often reads such *mens rea* requirements into federal statutes, the rule in Maryland is different, as the Maryland Court of Appeals recently made clear in *Lawrence v. State*, -- A.3d --, 2021 WL 3502925 (Aug. 10, 2021). However, *Lawrence* also confirms that this lack of a *mens rea* requirement *is* pertinent in a vagueness challenge. *Lawrence*, 2021 WL 3502925 at *17. The lack of a *mens rea* requirement is irrelevant to Counts I and II. Stated differently, it is perfectly possible for a court to hold that Bill 4-21 is not sufficiently vague but still hold for plaintiffs on Counts I and II, and *vice versa*.

### D. Comity And The Other *Hinson* Factors Favor Plaintiffs, Not The County.

The County asserts that a remand of the State law claims and holding in abeyance the sole remanding federal claim would be inconvenient to the Court and the parties and would raise issues

concerning the estoppel effect of findings of fact or legal rulings. The County also argues that plaintiffs "punched their ticket to federal court when they included" the federal claim and that it would be "unfair to both the Courts and Defendants to litigate the meaning and legality of Bill 4-21 in two separate actions." (Opp. at 10). These contentions are without merit.

The County does not dispute that this Court has authority to hold the federal claim in abeyance indefinitely so there will be no litigation in two courts at the same time. See Motion at 15-17. There are no factual issues and there will be no discovery in this suit. The case will be decided on the face of the pleadings on pure questions of law, as counsel for both sides assured this Court in the telephone conference held on August 2, 2021. Issues over the preclusive effect of any State Court decision, in the unlikely event that any arise, will be controlled by 28 U.S.C. § 1738. *Allen v. McCurry*, 449 U.S. 90 (1980). The only conceivable overlap will be on the vagueness challenge under Article 24 and the Due Process Clause, alleged in Count IV. Even there, the test for vagueness under Article 24 is sufficiently different (and more favorable to plaintiffs) that this issue may not arise. See Motion at 11.

The County's concerns are also fanciful. If plaintiffs prevail on the State law claims in State Court, plaintiffs will have no interest in pursuing a Due Process claim in this Court. Indeed, the same would be true if plaintiffs merely prevail on Counts I and/or II and the State Court declines to reach the Article 24 claim or even finds for the County on that claim. Prevailing on Counts I and/or II will afford plaintiffs far more comprehensive and consequential relief than any vagueness decision under the Due Process Clause or Article 24 could possibly provide. Plaintiffs are not interested in protracting this case. The Due Process claim was alleged in the complaint because doing so allows plaintiffs to rely on recent Supreme Court decisions which are controlling

precedent on that claim. See Supporting Memo. at 36-37. That does not mean that plaintiffs would continue to press the Due Process claim where doing so becomes pointless.[1]

Ignored by the County are true comity considerations. The chief among them is that "states have a strong interest in adjudicating issues of state law in their own courts," *Joyner v. A.C. & R. Insulation Co.*, 2013 WL 877125, at *10 (D. Md. 2013), *aff'd sub nom. Wood v. Crane Co.*, 764 F.3d 316 (4th Cir. 2014*), cert. denied*, 574 U.S. 1156 (2015), and that "[t]he comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." *Levin v. Commerce Energy, Inc.,* 560 U.S. 413, 422 (2010). *Joyner* was correct in stating that the federal courts "must respect Maryland's prerogative to apply its own laws, as well as [the plaintiff's] desire to litigate issues of Maryland law in the Maryland state courts." (*Id.*). See *Carnegie-Mellon*, 484 U.S. 353 ("litigants and States have an interest in the prompt and efficient resolution of controversies based on state law"). Thus, in *Jones v. Prince George's County*, 2005 WL 1074353 (D. Md. 2005), this Court correctly stated that "the Supreme Court has cautioned federal courts that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer footed reading of applicable law.'" 2005 WL 1074353 at *9, quoting *United States v. Gibbs*, 383 U.S. 715, 726 (1966). See also *Medina v. L & M Const., Inc.*, 2014 WL 1658874, at *2 (D. Md. Apr.23, 2014)

---

[1] The County invites plaintiffs to voluntarily dismiss the Due Process claim because that would "destroy this Court's federal question jurisdiction." (Opp. at 9). That assertion is just wrong. See, e.g., *Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639-40 (2009); *Osborn v. Haley,* 549 U.S. 225, 245 (2007). Thus, the real reason for the County's invitation might be that the County wishes to avoid attorneys' fees liability under 42 U.S.C. § 1988, should it lose on a State law claim. See, e.g., *Maher v. Gagne*, 448 U.S. 122, 132 (1980) (an award of Section 1988 fees is permitted where "the plaintiff prevails on a wholly statutory, non-civil-rights claim pendent to a substantial constitutional claim"); *Osterweil v. Bartlett*, 92 F.Supp. 3d 14, 23 (N.D.N.Y. 2015) (awarding Section 1988 fees even though the plaintiff prevailed only on a question of state law statutory interpretation). See also Supporting Memo. at 50.

(same); *Clayton v. Baltimore City Police Dept.*, 2015 WL 3875102 (June 22, 2015) (same). The "surer footed reading of applicable law," referenced in *Gibbs,* can only be provided by a remand in this case.

These comity considerations are overarching and must be given due consideration "in each case, and at every stage of the litigation." *Carnegie-Mellon*, 484 U.S. at 350. Fundamentally, the comity doctrine means that Maryland courts are entitled to the opportunity to pass on these important and complex State law issues in the first instance. Certification of state law questions to the Maryland Court of Appeals, as the County suggests (Opp. at 11), is no substitute for plenary consideration of these issues and could introduce more delay in a case that has already been deliberately delayed by the County. The County's concern (*id.*) that there is no way for a State Court to certify federal questions is misplaced, as the Due Process claim would remain in this Court.

As to fairness, it is the County that has sought to gain unfair tactical advantages by removing the case to federal court at the last possible moment. The County does not deny that removal was for the purpose of acquiring an Article III standing argument unavailable to it in State Court as well as an opportunity to argue that federal law precludes pre-enforcement suits where such suits are perfectly acceptable under State law. See Motion at 11, 13. The County does not deny that the last-second removal was motivated by a desire to sabotage the State Court emergency hearing scheduled for July 15, 2021, at which time the County could have suffered a loss. Plaintiffs did not "punch a ticket" allowing the County to employ delay tactics. The County should not be heard to complain that it would be "unfair" to return these State law claims to State Court. See, e.g., *Bartko v. SEC*, 845 F.3d 1217, 1227 (D.C. Cir. 2017) ("the unclean hands doctrine requires

that a party seeking equitable relief 'show that his or her conduct has been fair, equitable, and honest as to the particular controversy in issue'") (citation omitted).

## CONCLUSION

For the foregoing reasons, the motion to remand all the State law claims and to hold the federal claim in abeyance should be granted. Plaintiffs respectfully request a speedy resolution of the motion.

                                                Respectfully submitted,

                                                */s/ Mark W. Pennak*

                                                MARK W. PENNAK
                                                Maryland Shall Issue, Inc.
                                                9613 Harford Rd.
                                                Ste C #1015
                                                Baltimore, MD 21234-21502
                                                mpennak@marylandshallissue.org
                                                Phone: (301) 873-3671
                                                Bar No. 21033

                                                *Counsel for Plaintiffs*

August 22, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 8:21-cv-01736-TDC |
| ) | |
| MONTGOMERY COUNTY, MD, ) | |
| ) | |
| *Defendant*. ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 22, 2021, the forgoing "REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SEVER AND TO REMAND ALL STATE LAW CLAIMS REMOVED BY THE DEFENDANT AND TO HOLD IN ABEYANCE THE SOLE REMAINING FEDERAL CLAIM UNTIL COMPLETION OF STATE COURT PROCEEDINGS" was served on opposing counsel listed below via ECF service:

Edward B. Lattner  
101 Monroe St.  
Rockville, MD 20850  

Patricia L. Kane  
101 Monroe St.  
Rockville, MD 20850  

Sean C. O'Hara  
101 Monroe St.  
Rockville, MD 20850  


*/s/ Mark W. Pennak*
_____
MARK W. PENNAK  
Maryland Shall Issue, Inc.  
9613 Harford Rd, Ste, C #1015  
Baltimore, MD 21234-21502  
mpennak@marylandshallissue.org  
Phone: (301) 873-3671  
MD Atty No. 1905150005  

Dated: August 22, 2021