IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case Nos.:   8:21-cv-01736-TDC |
| | * | 8:22-cv-01967-DLB[1] |
| MONTGOMERY COUNTY, MARYLAND | * | |
| | * | |
| Defendant | * | |

**DEFENDANT'S PARTIAL CONSENT[2] MOTION TO CONSOLIDATE
AND TO REMAND COUNTS I, II, AND III.**

Montgomery County, Maryland, ("County") by and through its undersigned counsel, respectfully submits the following Motion to Consolidate and to Remand Counts I, II, and III. For the reasons stated below, Defendant requests that the Court consolidate related cases 8:21-cv-01736-TDC and 8:22-cv-01967-DLB. Defendant further requests that the Court (again) remand the state law claims in Counts I, II, and III to the Circuit Court for Montgomery County (where the parties already filed and argued dispositive cross-motions) and hold in abeyance Counts IV and V which arise under Federal law.

**I.   BACKGROUND**

Plaintiffs filed their original Complaint in Montgomery County Circuit Court under Case No.: 485899V. The original Complaint contained four counts. In Count I Plaintiffs averred that Montgomery County Bill 4-21[3] is not a "local law" and that the County "exceeded its powers and jurisdiction to regulate" firearms in "direct conflict" with Article XI-A § 3 of the Maryland

---

[1] This Motion is being filed concurrently in both case numbers. The parties in both cases are identical.

[2] Counsel for Plaintiffs previously consented to consolidation and remand of the state-law claims then withdrew their consent to remand. By email dated August 6, 2022 (attached as Exhibit 1), counsel for Plaintiffs indicated that Plaintiffs consent only to consolidation of the two Federal cases.

[3] Bill 4-21 restricts the "possession, use, sale, and transfer" of ghost and undetectable guns "with respect to minors" and "within 100 yards of places of public assembly."

Constitution. See ECF 7 ⁋ 36-39.  In Count II Plaintiffs alleged that Bill 4-21 is in conflict with and preempted by several state statutes that regulate firearms. (*Id.*, ⁋ 40-42.) Count III alleged that the restrictions in Bill 4-21 violate the Maryland Takings Clause, Md. Const., Article III § 40 and the Due Process Clause of the Maryland Declaration of Rights by "depriving Plaintiffs of their vested property rights in [ ] personal property." (*Id.* ⁋ 43-50).  In Count IV, Plaintiffs argued that Bill 4-21 is impermissibly vague and violates Plaintiffs' Federal Due Process rights under the Fourteenth Amendment and Due Process rights under Article 24 of the Maryland Declaration of Rights. (*Id.* ⁋ 51-66).  Pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiffs sought compensatory damages, nominal damages, and attorney's fees.  (*Id.* ⁋ 66).

Defendant timely removed the original Complaint on July 12, 2021, forming case number 8:21-cv-01736-TDC.  On February 7, 2022, Judge Chuang remanded Counts I, II, and III for further proceedings in State Court and held Count IV in abeyance pending resolution of Counts I, II, and III. See ECF 22 and 23.  The Federal action remains stayed. *Id*.

In the Circuit Court for Montgomery County, the parties filed dispositive cross-motions on Counts I, II, and III and the Court held a hearing regarding those counts on July 19, 2022.  The State Court took the motions under advisement.  Three days later, before the State Court could rule, Plaintiffs filed the First Amended Complaint on July 22, 2022, adding Count V and alleging, for the first time, a violation of the Second Amendment.[4]  Count V of the First Amended Complaint forms the basis of this removal.  Counts I, II, III, and IV of the First Amended Complaint are essentially identical to those in the original Complaint.

## II.     CONSOLIDATION IS APPROPRIATE

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> (a) Consolidation. If actions before the court involve a common

---

[4] As a result of Plaintiffs' Amended Complaint, the Circuit Court denied the cross-motions as moot.

>  question of law or fact, the court may:
>  (1) join for hearing or trial any or all matters at issue in the actions;
>  (2) consolidate the actions; or
>  (3) issue any other orders to avoid unnecessary cost or delay.

As discussed above, all counts of the First Amended Complaint test the legality of County Bill 4-21. Each Count simply rests on a different legal theory, be it preemption, takings, due process, or the Second Amendment. Counts I, II, III, and IV of the original Complaint in case number 8:21-cv-01736-TDC are essentially identical to those in the First Amended Complaint under case number 8:22-cv-01967-DLB. To conserve the resources of the judiciary and all parties involved, and to achieve consistent outcomes, new case number 8:22-cv-01967-DLB should be consolidated with existing case number 8:21-cv-01736-TDC. Once consolidated, the existing Order staying the case would remain in effect and both Counts IV and V would be held in abeyance pending final resolution of the state law claims in Counts I, II, and III.

## III.   REMAND OF COUNTS I, II, AND III IS APPROPRIATE

This Court previously remanded Counts I, II, and III to State Court. See ECF 22 and 23. Defendant opposed remand at that time. But having spent the past six months litigating and arguing those state-law claims in State Court, Defendant acknowledges that it makes little sense to start over again in this Court. However, Plaintiffs' change of heart (now opposing remand of its state-law claims) is transparent procedural gamesmanship—fearing that they have lost on their state-law claim they seek another bite at the apple in this Court. This Court should not reward that tactic. Defendant is removing the entire Amended Complaint because it is simply not aware of any procedural mechanism to remove a single count of an amended complaint, rather than the entire action. Accordingly, Defendant requests that the Court remand Counts I, II, and III to the Circuit Court for further proceedings. Upon final resolution of Counts I, II, and III, the parties

would then litigate Counts IV and V in this Court.

IV.   CONCLUSION

Defendant respectfully requests that this Court consolidate case numbers 8:21-cv-01736-TDC and 8:22-cv-01967-DLB, and further requests that the Court remand Counts I, II, and III of the First Amended Complaint to Circuit Court and hold in abeyance Counts IV and V.

Respectfully submitted,

JOHN P. MARKOVS
ACTING COUNTY ATTORNEY

/s/ *Patricia L. Kane*
Patricia L. Kane, Chief
Division of Litigation
patricia.kane@montgomerycountymd.gov
Bar No. 13621

/s/ *Edward B. Lattner*
Edward B. Lattner, Chief
Division of Government Operations
edward.lattner@montgomerycountymd.gov
Bar No. 03871

/s/ *Sean C. O'Hara*
Sean C. O'Hara
Associate County Attorney
sean.ohara@montgomerycountymd.gov
Bar No. 20725

Attorneys for Defendant Montgomery County, Maryland
Executive Office Building
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically on August 8, 2022 to:

Mark W. Pennak
Maryland Shall Issue, Inc.
9613 Harford Rd., Ste C #1015
Baltimore, Maryland 21234-21502
mpennak@marylandshallissue.org

                                                /s/ *Sean C. O'Hara*
                                                Sean C. O'Hara
                                                Associate County Attorney