

OFFICE OF THE COUNTY ATTORNEY

Marc Elrich
*County Executive*

John P. Markovs
*Acting County Attorney*

August 15, 2022

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

    Re:    *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland*
            Case No. 8:21-cv-01736-TDC
            **Notice of Intent to file Motion to Consolidate and to Remand Counts I, II, and III**

Dear Judge Chuang:

      This Office represents Defendant Montgomery County, Maryland (the County) in the above-referenced case and intends to file a Partial Consent Motion to Consolidate and to Remand Counts I, II, and III. For the reasons stated below, Defendant requests that the Court consolidate related cases 8:21-cv-01736-TDC and 8:22-cv-01967-DLB.[1] Defendant further requests that the Court (again) remand the state law claims in Counts I, II, and III to the Circuit Court for Montgomery County (where the parties already filed and argued dispositive cross-motions) and hold in abeyance Counts IV and V which arise under Federal law.

      Counsel for Plaintiffs previously consented to consolidation and remand of the state-law claims then withdrew their consent to remand. By email dated August 6, 2022, counsel for Plaintiffs indicated that Plaintiffs consent only to consolidation of the two Federal cases. Plaintiffs have stated their position in their Opposition, ECF 29.

      Plaintiffs filed their original Complaint in Montgomery County Circuit Court under Case No. 485899V. The original Complaint contained four counts. In Count I, Plaintiffs averred that Montgomery County Bill 4-21 is not a "local law" and that the County "exceeded its powers and jurisdiction to regulate" firearms in "direct conflict" with Article XI-A § 3 of the Maryland Constitution. See ECF 7 ¶ 36-39. In Count II, Plaintiffs alleged that Bill 4-21 is in conflict with and preempted by several state statutes that regulate firearms. (*Id*., ¶ 40-42.) Count III alleged that the restrictions in Bill 4-21 violate the Maryland Takings Clause, Md. Const., Article III § 40 and the Due Process Clause of the Maryland Declaration of Rights by "depriving Plaintiffs of their

---

[1] Defendant filed an identical motion in the related case number 8:22-cv-01967-DLB. To date, Judge Boardman has not ruled on the Motion.

The Honorable Theodore D. Chuang
August 15, 2022
Page 2 of 3

vested property rights in [ ] personal property." (*Id*. ¶ 43-50).  In Count IV, Plaintiffs argued that Bill 4-21 is impermissibly vague and violates Plaintiffs' Federal Due Process rights under the Fourteenth Amendment and Due Process rights under Article 24 of the Maryland Declaration of Rights. (*Id*. ¶ 51-66).  Pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiffs sought compensatory damages, nominal damages, and attorney's fees.  (Id. ¶ 66).

Defendant timely removed the original Complaint on July 12, 2021, forming case number 8:21-cv-01736-TDC.  On February 7, 2022, Your Honor remanded Counts I, II, and III for further proceedings in State Court and held Count IV in abeyance pending resolution of Counts I, II, and III. See ECF 22 and 23.  This action remains stayed. *Id*.

In the Circuit Court for Montgomery County, the parties filed dispositive cross motions on Counts I, II, and III and the Court held a hearing regarding those counts on July 19, 2022.  The State Court took the motions under advisement.  Three days later, before the State Court could rule, Plaintiffs filed the First Amended Complaint on July 22, 2022, adding Count V and alleging, for the first time, a violation of the Second Amendment.  Shortly thereafter, the Circuit Court denied the Cross Motions for Summary Judgment as moot, due to the Amended Complaint.  Count V of the First Amended Complaint forms the basis of the most recent removal.  Counts I, II, III, and IV of the First Amended Complaint are essentially identical to those in the original Complaint.

This Court previously denied the requested Motion without prejudice and directed Defendant to file the instant Letter of Intent. See ECF 30.

**Consolidation**

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

As discussed above, all counts of the First Amended Complaint test the legality of County Bill 4-21.  Each Count simply rests on a different legal theory, be it preemption, takings, due process, or the Second Amendment.  Counts I, II, III, and IV of the original Complaint in case number 8:21-cv-01736-TDC are essentially identical to those in the First Amended Complaint under case number 8:22-cv-01967-DLB.  To conserve the resources of the judiciary and all parties involved, and to achieve consistent outcomes, new case number 8:22-cv-01967-DLB should be consolidated with existing case number 8:21-cv-01736-TDC.  Once consolidated, the existing Order staying the case would remain in effect and both Counts IV and V would be held in abeyance pending final resolution of the state law claims in Counts I, II, and III.

The Honorable Theodore D. Chuang
August 15, 2022
Page 3 of 3

**Remand**

This Court previously remanded Counts I, II, and III to State Court. See ECF 22 and 23. Defendant opposed remand at that time. But having spent the past six months litigating and arguing those state-law claims in State Court, Defendant acknowledges that it makes little sense to start over again in this Court. However, Plaintiffs' change of heart (now opposing remand of its state-law claims) is transparent procedural gamesmanship—fearing that they have lost on their state-law claims, they seek another bite at the apple in this Court. This Court should not reward that tactic. Defendant removed the entire Amended Complaint because it is simply not aware of any procedural mechanism to remove a single count of an amended complaint, rather than the entire action. Accordingly, Defendant requests that the Court remand Counts I, II, and III to the Circuit Court for further proceedings. Upon final resolution of Counts I, II, and III, the parties would then litigate Counts IV and V in this Court.

Defendant respectfully requests permission to file a Motion requesting that the Court consolidate case numbers 8:21-cv-01736-TDC and 8:22-cv-01967-DLB, and further requesting that the Court remand Counts I, II, and III of the First Amended Complaint to Circuit Court and hold in abeyance Counts IV and V.

Very truly yours,

/s/ *Edward B. Lattner*
Edward B. Lattner, Chief
Division of Government Operations

/s/ *Sean C. O'Hara*
Sean C. O'Hara
Associate County Attorney

cc:   Mark W. Pennak
      Maryland Shall Issue, Inc.
      9613 Harford Rd., Ste. C #1015
      Baltimore, MD 21234-21502
      mpennak@marylandshallissue.org