**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MARYLAND SHALL ISSUE, INC.,** *et al.,* ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| **v.** ) | **Case No. 8:21-cv-01736-TDC** |
| ) | **Case No. 8:22-cv-01967-DLB** |
| **MONTGOMERY COUNTY, MD.,** ) | |
| ) | |
| *Defendant.* ) | |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S MOTION FOR AN
INDEFINITE EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST
AMENDED COMPLAINT**

Plaintiffs respectfully submit this Opposition to defendant Montgomery County's ("the County") Motion for an Extension of Time to Respond to Plaintiffs' First Amended Complaint. The County seeks an order permitting it to respond to the First Amended Complaint filed by plaintiffs in State court "within 21 days after the Court rules on the pending Defendant's Partial Consent Motion to Consolidate and to Remand Counts I, II, and III filed in both related cases 8:21-cv-01736-TDC and 8:22-cv-01967-DLB" ("Motion to Consolidate"). That motion also seeks to have the federal claims, including the new Second Amendment claim in Count V, held in abeyance until the State claims are litigated to final judgment in State court. For the reasons set forth below, the indefinite extension requested by the defendant should be denied.

First, the County's motion was unreasonably filed at the last minute. The amended complaint was filed in State court and served on defendant on July 22, 2022. Under Rule 2-341(a) of the Maryland Rules, a responsive pleading to that amended complaint was due within 15 days of service of the amended complaint, or by no later than August 8, 2022. For reasons known only to the County, the County waited until August 8, 2022, to remove the amended complaint to this

Court. In this Court, an answer, or responsive pleading in removed actions is governed by Rule 81(c), FRCP, under which a responsive pleading was due no later than August 15, 2022. Even though the case was removed on August 8, 2022, the County waited until late in the day, August 15, 2022, to file its request for an extension of time. Both filings could have taken place much earlier. In contrast, plaintiffs filed with Judge Chuang a request for leave to file a motion for summary judgment on Count V (the Second Amendment Claim) on August 12, 2022, only four days after the case was removed.

The County engaged in precisely this sort of last-minute tactics when it removed plaintiffs' original complaint in July 2021 on the last possible day. Now, the County seeks a 21-day extension of time as measured from the date this Court rules on the pending Motion to Consolidate. What the County mentions only in a footnote (at 3 n.4), is that on August 11, 2022, Judge Chuang denied, without prejudice, the County's Motion to Consolidate in No. 21-01736 for failure of the County to comply with the Court's Case Management Order, a procedure with respect to which the County is well familiar as that Order also controlled the County's removal of plaintiffs' original complaint a year ago, in July 2021. Yet, the County ignored the Case Management Order in filing its Motion to Consolidate and, when that gambit promptly failed, waited until August 15, 2022, to seek leave to file its Motion to Consolidate. The County's motion now requests a 21-day extension of time as measured from the time Judge Chuang rules on the Motion for Consolidation, assuming that leave is granted.

The Case Management Order contemplates that the Court will hold a "pre-motion conference" on requests for leave to file motions. No such conference has been scheduled. In prior proceedings in No. 21-01736, it took slightly over a week for such a pre-motion conference to be held, at which time the Court allowed plaintiffs to file a motion for remand of the State law claims.

That motion was filed on August 4, 2021, and was granted, in part, by an order of the Court entered February 7, 2022, more than six months later. Likewise, the County's motion for an extension here would extend to 21-days *after* Judge Chuang actually rules on the County's motion to remand, which might also be **months** into the future. **Such delay is highly prejudicial to plaintiffs**. As noted, the County's Motion to Consolidate asks the Court to hold the Second Amendment claim in abeyance until the State law claims are resolved. Plaintiffs have vigorously opposed that request and have advised Judge Chuang that they wish to immediately press ahead with a motion for partial summary judgment on the Second Amendment claim.

As plaintiffs' opposition to the County's Motion to Consolidate makes clear, that Second Amendment claim is based on the Supreme Court's June 23, 2022, decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and is highly meritorious. Every day of delay in adjudicating that claim prejudices plaintiffs who are being continually deprived of their Second Amendment rights by the County ordinance at issue in this case. Thus viewed, the County's delay tactics are egregious. The County's motion for the 21-day extension of time is, in reality, a motion for an indefinite extension, which would be facially unreasonable in the ordinary case. But such a delay is especially beyond the pale where the defendant is plausibly alleged to be engaged in the continuing violation of the plaintiffs' fundamental constitutional rights, as recognized in *Bruen*. Extensions of time for litigating constitutional claims should never be indefinite.

The adjudication of constitutional rights in federal court also should not be held hostage to State court litigation of state claims, as the County seeks here. See *Baggett v. Bullitt*, 377 U.S. 360, 375 n.11 (1964) ("'When the validity of a state statute, challenged under the United States Constitution, is properly before a United States District Court for adjudication, reference to the

state courts for construction of statute should not automatically be made.'") (quoting *NAACP v. Bennett*, 360 U.S. 471 (1959) (*per curiam*). As explained in plaintiffs' opposition to the Motion to Consolidate, the Second Amendment claim is not dependent on any resolution of the State law claims and thus should be adjudicated without delay. See *Mata v. Lynch,* 576 U.S. 143, 150 (2015) ("And when a federal court has jurisdiction, it also has a 'virtually unflagging obligation ... to exercise' that authority.") (citation omitted). But even assuming *arguendo* that a State law question is pertinent, the Supreme Court has made clear that the proper approach is to certify controlling questions of State law to the State's highest court. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75-76 (1997). See also *McKesson v. Doe*, 141 S.Ct. 48 (2020) (*per curiam*) (vacating and remanding with instructions to certify a controlling but novel State law question to the State's highest court). Maryland has precisely such a certification provision. MD Code, Courts & Judicial Proceedings, § 12-603.

Finally, the County's last-minute, delay tactics should not be accepted even in the ordinary case. See, e.g., *Knopick v. Downey*, 2014 WL 12731991 at *1 n.1 (M.D. Pa 2014) ("Unfortunately, it has been a common occurrence for a party to file a motion for an extension of time at the last minute before the extension of an impending deadline. The court views this practice, which has become far too common, with antipathy, as it essentially requires the court to appease the contemptuous conduct or cause the client to suffer adverse consequences."). But, these tactics are especially unacceptable where, as here, a government is alleged to be engaged in an ongoing denial of the plaintiffs' constitutional rights. Denying the extension request will hardly cause Montgomery County to suffer adverse consequences. It will merely be forced to file an answer to the amended complaint. The County is a frequent-flyer litigant; it should not be allowed to assume

that its last-minute antics will be tolerated while it continues to violate plaintiffs' Second Amendment rights.

## CONCLUSION

For the foregoing reasons, the County's motion for an indefinite extension of time should be denied.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd.
Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
MD Atty No. 1905150005
District Court Bar No. 21033

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MARYLAND SHALL ISSUE, INC.,** *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) **Case No. 8:21-cv-01736-TDC** |
| | ) **Case No. 8:22-cv-01967-DLB** |
| **MONTGOMERY COUNTY, MD,** | ) |
| | ) |
| *Defendant.* | ) |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on August 16, 2022, the forgoing "Plaintiffs' Opposition To The Defendant's Motion For An Indefinite Extension Of Time To Respond To Plaintiffs' First Amended Complaint" was served on opposing counsel listed below via ECF service:

Edward B. Lattner                   Patricia L. Kane
101 Monroe St.                       101 Monroe St.
Rockville, MD 20850              Rockville, MD 20850

Sean C. O'Hara
101 Monroe St.
Rockville, MD 20850


*/s/ Mark W. Pennak*
_____
MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste, C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
Bar No. 21033

Dated: August 9, 2022.