IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case Nos.   8:21-cv-01736-TDC |
| | * | 8:22-cv-01967-DLB |
| MONTGOMERY COUNTY, MARYLAND | * | |
| | * | |
| Defendant | * | |

### DEFENDANT'S CONSENT[1] MOTION TO CONSOLIDATE

Montgomery County, Maryland, ("County") by and through its undersigned counsel, respectfully submits the following Consent Motion to Consolidate. For the reasons stated below, Defendant requests that the Court consolidate related cases 8:21-cv-01736-TDC and 8:22-cv-01967-DLB. Plaintiffs consent to the requested consolidation.

## I.   BACKGROUND

Plaintiffs filed their original Complaint in Montgomery County Circuit Court under Case No.: 485899V. The original Complaint contained four counts. In Count I Plaintiffs averred that Montgomery County Bill 4-21 is not a "local law" and that the County "exceeded its powers and jurisdiction to regulate" firearms in "direct conflict" with Article XI-A § 3 of the Maryland Constitution. See ECF 7 ¶ 36-39. In Count II Plaintiffs alleged that Bill 4-21 is in conflict with and preempted by several state statutes that regulate firearms. (*Id.*, ¶ 40-42.) Count III alleged that the restrictions in Bill 4-21 violate the Maryland Takings Clause, Md. Const., Article III § 40 and the Due Process Clause of the Maryland Declaration of Rights by "depriving Plaintiffs of their vested property rights in [ ] personal property." (*Id.* ¶ 43-50). In Count IV, Plaintiffs argued that Bill 4-21 is impermissibly vague and violates Plaintiffs' Federal Due Process rights under the

---

[1] While Plaintiffs consent to the relief requested herein, counsel for Plaintiffs stated that "Plaintiffs do not join in or necessarily agree with the rest of the discussion and the characterization of the claims and the complaints."

Fourteenth Amendment and Due Process rights under Article 24 of the Maryland Declaration of Rights. (*Id.* ¶ 51-66).  Pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiffs sought compensatory damages, nominal damages, and attorney's fees.  (*Id.* ¶ 66).

Defendant timely removed the original Complaint on July 12, 2021, forming case number 8:21-cv-01736-TDC.  On February 7, 2022, Judge Chuang remanded Counts I, II, and III for further proceedings in State Court and held Count IV in abeyance pending resolution of Counts I, II, and III. See ECF 22 and 23.

In the Circuit Court for Montgomery County, the parties filed dispositive cross-motions on Counts I, II, and III and the Court held a hearing regarding those counts on July 19, 2022.  The State Court took the motions under advisement.  Three days later, before the State Court could rule, Plaintiffs filed the First Amended Complaint on July 22, 2022, adding Count V and alleging, for the first time, a violation of the Second Amendment.[2]  Count V of the First Amended Complaint forms the basis of this removal.  Counts I, II, III, and IV of the First Amended Complaint are essentially identical to those in the original Complaint.

Defendants filed a 3-page letter requesting permission to file a Partial Consent Motion to Consolidate and to Remand Counts I, II, and III.  Plaintiffs consented to consolidation but opposed remand.  Judge Chuang held a pre-motions conference on August 26, 2022 and directed the parties to file a separate Motion to Consolidate such that the Court could rule on consolidation and then allow the parties to brief issues related to remand.

## II.   CONSOLIDATION IS APPROPRIATE

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the

---

[2] As a result of Plaintiffs' Amended Complaint, the Circuit Court denied the cross-motions as moot.

actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

As discussed above, all counts of the First Amended Complaint test the legality of County Bill 4-21.  Each Count simply rests on a different legal theory, be it preemption, takings, due process, or the Second Amendment.  Counts I, II, III, and IV of the original Complaint in case number 8:21-cv-01736-TDC are essentially identical to those in the First Amended Complaint under case number 8:22-cv-01967-DLB.  To conserve the resources of the judiciary and all parties involved, and to achieve consistent outcomes, new case number 8:22-cv-01967-DLB should be consolidated with existing case number 8:21-cv-01736-TDC.

### III.   CONCLUSION

Defendant Montgomery County, Maryland, with the consent of Plaintiffs, respectfully requests that this Court consolidate case numbers 8:21-cv-01736-TDC and 8:22-cv-01967-DLB with all future pleadings to be filed under lead case 8:21-cv-01736-TDC.

Respectfully submitted,

JOHN P. MARKOVS
ACTING COUNTY ATTORNEY

/s/ *Patricia L. Kane*
Patricia L. Kane, Chief
Division of Litigation
patricia.kane@montgomerycountymd.gov
Bar No. 13621

/s/ *Edward B. Lattner*
Edward B. Lattner, Chief
Division of Government Operations
edward.lattner@montgomerycountymd.gov
Bar No. 03871

/s/ *Sean C. O'Hara*
Sean C. O'Hara
Associate County Attorney
sean.ohara@montgomerycountymd.gov
Bar No. 20725

Attorneys for Defendant Montgomery
County, Maryland
Executive Office Building
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically on August 26, 2022 to:

Mark W. Pennak
Maryland Shall Issue, Inc.
9613 Harford Rd., Ste C #1015
Baltimore, Maryland 21234-21502
mpennak@marylandshallissue.org

/s/ *Sean C. O'Hara*
Sean C. O'Hara
Associate County Attorney

4