**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * | |
| | * | |
| Plaintiffs | * | |
| | * | Consolidated Case Nos.: |
| v. | * | 8:21-cv-01736-TDC (lead) |
| | * | 8:22-cv-01967-DLB |
| MONTGOMERY COUNTY, MARYLAND | * | |
| | * | |
| Defendant | * | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO REMAND COUNTS I, II, AND III AND STAY COUNTS IV AND V**

The County requests that this Court remand Counts I, II, and III of the First Amended Complaint to Circuit Court and hold in abeyance Counts IV and V pending final resolution of the state law claims.

**The Amended Complaint Presents the Same Novel and Complex Issues of State Law.**

This Court has previously concluded that the preemption and conflict issues presented in Count II involved novel or complex issues of state law, and therefore favored remand to State Court for resolution. Mem. Op. 8-10 (Feb. 7, 2022), ECF No. 22. Plaintiffs do not argue otherwise.

**The State Law Claims Still Substantially Predominate**

The state law claims in Counts I and II, which challenge the County's authority to enact firearms regulation, predominate over Plaintiffs' federal due process (Count IV) and Second Amendment (Count V) claims. To understand why this is so, it is necessary to analyze Plaintiffs' Amended Complaint in light of the County's firearms law and the amendments Bill 4-21 made to that law. The County's firearms law is codified in Chapter 57 of the Montgomery County Code. At issue here are firearms regulations with respect to minors, Cnty. Code § 57-7, and firearms regulations in places of public assembly, Cnty. Code § 57-11. Bill 4-21 expanded the definition of "places of public assembly" and generally amended the existing regulations in §§ 57-7 and 57-11

to include ghost and undetectable guns.

Counts I and II predominate because they provide a more comprehensive remedy than the Second Amendment claim. Plaintiffs acknowledge that their Second Amendment claim does not address Bill 4-21's amendment of Cnty. Code § 57-7, which regulates firearms with respect to minors. The Second Amendment claim is limited to Cnty. Code § 57-11(a)'s regulation of firearms in places of public assembly (the so-called "sensitive places" issue). Pls.' Opp'n to Def.'s Mot. To Remand Counts I, II, & III to State Ct. And Hold the Federal Claims in Abeyance ("Pls.' Opp'n") 6, ECF No. 40. Indeed, after writing that invalidation of Code § 57-11(a) under the Second Amendment "would encompass all of the relief available under the State law claims in Counts I and II," Plaintiffs then concede that is not so. Plaintiffs admit that even if they completely prevailed in their Second Amendment claim "[w]hat would remain would [include] that part of Bill 4-21 amending Cnty. Code Section 57-7, with respect to minors and 'ghost guns.'" *Id*. Thus, Bill 4-21's regulation of firearms with respect to minors would still have to be adjudicated even after the Second Amendment claim is resolved.

By attacking the County's authority to enact firearms regulation, the state law claims in Counts I and II address the validity of both § 57-7 and § 57-11. The County acknowledges, and has from the very beginning, that its authority to regulate firearms with respect to minors and places of public assembly derives from the explicit authorization in Md. Code Ann., Crim. Law (CL) § 4-209(b).[1] *See, e.g.*, Cnty. Mot. to Dismiss or, Alternatively, for Summ. J. 20, ECF No. 1-18 (filed under 8:22-cv-01967). Counts I and II challenge that authority. Those counts go to the

---

[1] CL § 4-209(b) empowers a County to regulate the purchase, sale, transfer, ownership, possession, and transportation of a handgun, rifle, or shotgun, their ammunition, and components, "with respect to minors" and "within 100 yards of or in a park, church, school, public building, and other place of public assembly."

heart of the County's authority to regulate firearms under CL § 4-209(b) consistent with the

Maryland Constitution's Home Rule Amendment and various state firearms laws. Therefore, the

claims in either Count I or Count II substantially predominate because they each offer a more

comprehensive remedy that the Second Amendment claim.

Indeed, even if Plaintiffs' Second Amendment claim challenged § 57-7's regulation of

access to guns by minors, the claims in Count I and II would still afford them greater relief. CL

§ 4-209(b) expressly authorizes the County to regulate firearms in schools and public buildings,

two of the five so-called "sensitive places" where the *Bruen* Court noted that the government could

prohibit carrying firearms consistent with the Second Amendment. *New York State Rifle & Pistol

Ass'n v. Bruen*, 142 S. Ct. 2111, 2133 (2022).[2] Therefore, at a minimum, County regulation of

firearms in schools and public buildings would survive Second Amendment challenge.[3] But

Counts I and II challenge the County's authority to enact such a prohibition as a matter of state

law, regardless of what the Second Amendment might countenance. Therefore, if Plaintiffs prevail

under Count I or Count II, the County's regulation of firearms in sensitive places still fails, even

if permissible under the Second Amendment.

Plaintiffs acknowledge the comprehensiveness of the relief they seek in Counts I and II.

Pls.' Opp'n 4, ECF 40 ("Counts I and II of the Complaint allege that the County's implementation

of Section 4-209(b)(1) is contrary to Maryland Constitution and inconsistent and in conflict with

State law and is thus unauthorized.") In their rush to have this Court immediately adjudicate their

---

[2] The Court wrote that "courts can use analogies to those historical regulations of 'sensitive places' to determine that modern regulations prohibiting the carry of firearms in new and analogous sensitive places are constitutionally permissible." *Bruen*, 142 S. Ct. at 2133.

[3] Plaintiffs devote several pages of their Opposition to a premature argument on the merits of their Second Amendment claim. Pls.' Opp'n 3-6, 12-13, ECF No. 40. The County will not respond in kind.

newfound Second Amendment claim, Plaintiffs now describe their state law claims as "effectively rendered irrelevant by the decision in *Bruen*."[4] Pls.' Opp'n 4, ECF No. 40. Only later do Plaintiffs admit that their Second Amendment claim will not address Bill 4-21 in its entirety. Opp'n 6, ECF No. 40.

Plaintiffs argue that their Count IV vagueness claim will address the issue left unaddressed by their Second Amendment claim—the County's regulation of firearms with respect to minors in Cnty. Code § 57-7. Here, again, Counts I and II provide the relief sought. If Plaintiffs prevail on either Counts I or II, and the County lacks authority to enact its firearms regulation, then Plaintiffs' vagueness claim (Count IV) is of no moment. Moreover, this Court has already concluded that "Plaintiffs' success on the federal due process claim likely would not bar enforcement of provisions of Bill 4-21 unconnected to the terms challenged as unconstitutionally vague . . . . Because resolution of the federal claim in Plaintiffs' favor would still require consideration of whether the state law claims invalidate other provisions of Bill No. 4-21, the remedy sought through the federal claim is less comprehensive than the remedy sought through the state law claims." Mem. Op. 7-8 (Feb. 7, 2022), ECF No. 22.

**Principles of Economy, Convenience, Fairness, and Comity Favor Remand of the State Law Claims and Stay of the Federal Claims.**

Plaintiffs assert that the County "has undeniably manipulated removal" in this case to delay resolution of their Second Amendment claim. Opp'n 8, ECF No. 40. That is not so. The transcript from the July 19, 2022, oral argument in the Circuit Court for Montgomery County on the parties'

---

[4] But only one month ago, Plaintiffs wrote that they "might well ask this Court to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a), and rule on these [now effectively irrelevant] State law claims in conjunction with the Second Amendment claim." Corrected Pls.' Opp'n to Def.'s Mot. to Remand Counts I, II & III to State Ct. and Opp'n to Def.'s Mot. to Hold the Federal Claims in Abeyance 9-10, ECF No. 29.

cross-motions for summary judgement[5] reveals that the County understandably declined to address Plaintiffs Second Amendment arguments because they had not pled a Second Amendment claim. And the County made clear that if Plaintiffs did plead a Second Amendment claim, "the County would also be seeking to remove any Second Amendment claim to federal court as well," just as it did with Plaintiffs' federal due process claim (Count IV). The County has done nothing more than consistently seek to have federal claims addressed in federal court, which is its prerogative.

Despite Plaintiffs' arguments to the contrary, the County has never suggested that this Court refuse to adjudicate Plaintiffs' federal claims.[6] Rather, it asks that the parties be permitted to resume litigation in State Court, where dispositive claims were already briefed and argued. Plaintiffs' concern about the County's "continuing violation of [their] constitutional rights", Pls.' Opp'n 11, ECF 40, rings hollow given that the State Court would surely have addressed their concerns by now, had they not made the tactical decision to amend their complaint, three days after briefing and argument, thereby mooting out the parties' cross-motions for summary judgment on dispositive state constitutional and statutory grounds (and after the County made plain it would again remove any Second Amendment claim to federal court).

**Final Comments**

Again, notwithstanding the County's arguments, should this Court determine to proceed with the Second Amendment claim as Plaintiffs request, the County respectfully requests that it **not** remand the state law claims to federal court.

Finally, the County reserves the right to seek discovery, particularly as to damages sought in connection with the federal claims.

---

[5] Pls.' Opp'n Ex. A, ECF No. 40-1.

[6] Thus, Plaintiffs' reliance on abstention cases is inapt. Pls.' Opp'n 11, ECF No. 40.

## CONCLUSION

Defendant respectfully requests that this Court remand Counts I, II, and III of the First

Amended Complaint to Circuit Court and hold in abeyance Counts IV and V pending final

resolution of the state law claims.

<div style="margin-left:50%">

Respectfully submitted,

JOHN P. MARKOVS
ACTING COUNTY ATTORNEY

     /s/
Edward B. Lattner, Chief
Division of Government Operations
Bar No. 03871
edward.lattner@montgomerycountymd.gov

     /s/
Erin J. Ashbarry
Associate County Attorney
Bar No. 26298
erin.ashbarry@montgomerycountymd.gov

     /s/
Mathew H. Johnson
Associate County Attorney
Bar No. 17678
matthew.johnson3@montgomerycountymd.gov

Attorneys for Defendant Montgomery
County, Maryland
Executive Office Building
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

</div>

**Filed:  September 30, 2022**

21-003732

6