

November 29, 2022

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

Re:   *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland,*
      Case Nos. 8:21-cv-01736-TDC (**L**) & 8:22-cv-01967-DLB (D. Md.)

**Notice of Intent to Submit A Motion for A TRO and Preliminary Injunction**

Dear Judge Chuang:

This Letter is intended to comply with the Court's Case Management Order. As detailed below, this letter urgently requests leave of the Court to file an emergency motion for a temporary restraining order and for a preliminary injunction limited to Count VII of the Verified Second Amended Complaint, filed with the Court, today, November 29, 2022. This request should be granted without delay, as with every passing day, plaintiffs' constitutional rights are being denied by the County. Plaintiffs are prepared to proceed immediately with such a motion. For the reasons outlined below, there is zero likelihood that this matter can be resolved without a motion.

This letter for leave to file a motion for a TRO and a preliminary injunction is necessitated by amendments made to Chapter 57 of the County Code by the County's enactment of Bill 21-22E. Specifically, on July 12, 2022, Bill 21-22 was submitted by the sponsor in response to the Supreme Court's decision in *NYSRPA v. Bruen*, 142 S.Ct. 1211 (2022). The Bill, as then submitted, would have simply repealed the then-existing exemption from the bans imposed by Section 57-11(a) of Chapter 57 of the County Code for persons with wear and carry permits issued by the Maryland State Police. As thus amended, Section 57-11(a) would have prohibited all persons, including permit holders, from possessing, transporting, selling or transferring any firearm, component and ammunition anywhere within 100 yards where the "public may assemble," which is, of course, nearly everywhere. See Plaintiffs' conference request letter of July 23, 2022.

The County held a hearing on this Bill on July 26, where it heard substantial opposition, including from MSI, which pointed out that the Bill was blatantly unconstitutional under *Bruen*. In *Bruen*, the Court struck down as unconstitutional New York's "proper cause" requirement for issuance of a permit to carry a handgun in public, ruling that "a State may not prevent law-abiding citizens from publicly carrying handguns because they have not demonstrated a special need for self-defense." (142 S.Ct. at 2135 n.8). Under *Bruen*, "the Second Amendment guarantees a general right to public carry." 142 S.Ct. at 2135. The Court went on to reject the "means-end," two-step, intermediate scrutiny analysis used by the lower courts to sustain gun regulations, holding that "[d]espite the popularity of this two-step approach, it is one step too many." The Court ruled that "the standard for applying the Second Amendment is as follows: When the Second Amendment's

plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 142 S.Ct. at 2129.

After the July 26, 2022 hearing, the Council Staff drafted amendments to the Bill which were then approved by a committee of the County Council. See Staff Report of Nov. 15, 2022, available at https://apps.montgomerycountymd.gov/ccllims/BillDetailsPage?recordId=2761. On November 15, 2022, the County Council unanimously enacted Bill 21-22E, as thus amended. That Bill became law on November 28, 2022, upon signature of the County Executive and became effective immediately. While retaining the bans imposed by Section 57-11(a), as amended by Bill 4-21, on places within 100 yards of a "place of public assembly," Bill 21-22E redefines that term "place of public assembly" to remove the prior definition, enacted by Bill 4-21, that encompassed any place where the "public may assemble" and substitutes a new definition.

Under that new definition, Section 57-11(a) now bans the possession, transport, sale or transfer of any firearm, component or ammunition within 100 yards of a long list of locations, many of which are hopelessly vague. That list includes "a publicly or privately owned, park, place of worship, school, library, recreational facility, hospital, community health center, including any health care facility, or community-based program licensed by the Maryland Department of Health, long-term facility, including any licensed nursing home, group home, or care home, multipurpose exhibition facility, such as a fairgrounds or conference center, or childcare facility." It also bans the possession, transport, sale or transfer of any firearm or ammunition at or within 100 yards of "a government building, including any place owned by or under the control of the County, a polling place, a courthouse, a legislative assembly, a gathering of individuals to collectively express their constitutional right to protest or assemble." These locations include as well "all property associated with the place, such as a parking lot or grounds." **Critically**, Bill 21-22E, as enacted, **also** amended Chapter 57 to repeal that portion of Section 57-11(b) of Chapter 57 that had exempted permit holders from the bans imposed by Section 57-11(a). The bans imposed by Section 57-11(a), as amended by Bill 21-22E, are now fully applicable to permit holders as well as to all other persons in the County, save police officers and licensed security guards exempted under a different provision of Section 57-11(b).

On November 29, 2022, plaintiffs filed, with the written consent of the County and in compliance with Rule 15 FRCP, a Second Amended Complaint, challenging Chapter 57, as amended by Bill 21-22E. In plaintiffs' view, the repeal of the exemption for permit holders, combined with the long list of vague and undefined prohibited locations, including within 100 yards of such locations, has effectively banned permit holders from exercising their Second Amendment right to publicly carry arms, as recognized by the Supreme Court in *Bruen*. In short, it is simply impossible, as a practical matter, to possess and transport a firearm in the County in public with a wear and carry permit in compliance with Chapter 57. That is because it is nearly impossible to move around the County without entering one or more of the many 100-yard exclusion zones enacted by Bill 21-22E. Literally, the entire urban area and many areas in the rural segments of the County are now off-limits for carry by permit holders, including Interstate 495 and Interstate 270 and Route 355 as well as the other major roads, highways and countless neighborhoods in the County.

*Bruen* holds that governments may ban firearms at "legislative assemblies, polling places, and courthouses" and notes that governments may also regulate firearms "in" schools and government buildings. 142 S.Ct. 2133. *Bruen* states that "courts can use analogies to those historical regulations of 'sensitive places' to determine that modern regulations prohibiting the carry of firearms in new

and analogous sensitive places are constitutionally permissible." (Id.). But nothing in *Bruen* can be read to allow a State (or a county) to ban the possession, transport, transfer and sales of all firearms at every location in which Chapter 57, as amended by Bill 21-22E, has now imposed its comprehensive bans, much less within 100 yards of such locations. Indeed, *Bruen* rejected New York's "attempt to characterize New York's proper-cause requirement as "a 'sensitive-place' law," ruling that "expanding the category of 'sensitive places' simply to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly." 142 S.Ct. 2133-34. "Put simply, there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and protected generally by the New York City Police Department." 142 S.Ct. 2134. The amendments to Chapter 57 by Bill 21-22E have, as a practical matter, declared most of the County to be a "sensitive place" and thus cannot be sustained under *Bruen*.

Bill 21-22E was enacted on an expedited basis and thus went into immediate effect when it was signed by the County Executive on November 28, 2022. All but one of the plaintiffs possess wear and carry permits issued by the State Police. These permits have been rendered effectively unusable in the County by the enactment of Bill 21-22E. Each of the plaintiffs is threatened with arrest and prosecution should he or she continue to carry in the County, as they did in the years prior to the enactment of Bill 21-22E. As explained in the Second Amended Complaint, such an arrest and prosecution would obtain not only for a violation of Chapter 57, but, because of limits imposed on the validity of permits by the State Police, plaintiffs would likely face arrest and prosecution under MD Code, Public Safety, § 4-203(a), a violation of which is punishable by up to three years imprisonment and a fine. A conviction under Section 4-203(a) creates a lifetime disqualification from the possession of firearm or ammunition under both federal and state law. These punishments create a massive *in terrorem* effect for permit holders. Through the amendments made by Bill 21-22E, the County has effectively nullified the Second Amendment right to carry in public by permit holders.

For the foregoing reasons, plaintiffs respectfully and urgently request leave to file an emergency motion for a temporary restraining order and for a preliminary injunction under Count VII of the Second Amended Complaint, to be considered by the Court on an expedited basis. The remaining Counts in the Second Amended Complaint need not be addressed at this time.

Sincerely,

*/s Mark W. Pennak*

Mark W. Pennak, Counsel for Plaintiffs
cc: All Counsel via ECF.