IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 8:21-cv-01736-TDC **(L)** |
| ) | Case No. 8:22-cv-01967-DLB |
| MONTGOMERY COUNTY, MD., ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES**

Plaintiffs respectfully submit this notice of supplemental authorities for the purpose of bringing to the Court's attention the recent decision of the Second Circuit in *Hardaway v. Nigrelli*, No. 22-2933 (2d Cir. Dec. 7, 2022), which was decided after the filing of plaintiffs' Emergency Motion for a Temporary Restraining Order and Emergency Motion for a Preliminary Injunction on December 6, 2022. The Second Circuit order was entered on an appeal of the district court's entry of a preliminary injunction enjoining New York from enforcing it post-*Bruen* legislation that, *inter alia,* banned any possession of firearms by carry permit holders in places of worship. *Hardaway v. Nigrelli*, --- F.Supp.3d ---, 2022 WL 16646220 (W.D.N.Y. Nov. 3, 2022). In an earlier order, the same court had granted a TRO in the same case. *Hardaway v. Nigrelli*, --- F.Supp.3d ---, 2022 WL 11669872 (W.D.N.Y. Oct. 20, 2022).

On appeal, the State of New York sought a stay of the district court's decision, pending a decision on appeal. The Second Circuit granted the motion for a stay, but expressly excepted from its stay order for "persons *who have been tasked with the duty to keep the peace at places*

*of worship*." (Emphasis added). That order thus leaves the preliminary injunction in place and in full force and effect for such persons pending appeal.

Montgomery County has likewise imposed a ban on permit holders carrying in places of worship in this case. Indeed, the County's ban is even broader than New York's as the County's ban extends to 100-yards beyond the parking lot or grounds of any place of worship. Plaintiffs in this case have asked for emergency TRO and preliminary injunctive relief for permit holders. In an alternative Proposed Order, plaintiffs have specifically requested, at a minimum, that such an order should be issued for permit holders who provide armed security for their places of worship and private schools (which are often part of or associated with such places of worship). The Second Circuit's refusal to stay that portion of the district court's order in *Hardaway* provides further support for that request. A copy of the Second Circuit's order and the district court's underlying decision granting a preliminary injunction are attached for the convenience of the Court.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd., Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
District Court Bar No. 21033
