IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MONTGOMERY COUNTY, MARYLAND,<br><br>*Defendant.* | Consolidated Civil Action Nos.<br>8:21-cv-01736-TDC (lead)<br>8:22-cv-01967-DLB |

**MOTION OF EVERYTOWN FOR GUN SAFETY FOR LEAVE TO FILE
AMICUS BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully submits this motion for leave to file an amicus curiae brief in the above-captioned action in support of Defendant Montgomery County's Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. If granted leave, Everytown will file the brief attached as Exhibit A. Defendant consents to this motion. Counsel for Plaintiffs have indicated to undersigned counsel that Plaintiffs oppose this motion.

Pursuant to Local Rule 105.2(e), Everytown's motion and proposed brief are filed seven days after the filing of the principal brief of the party the brief is supporting and therefore are timely.[1]

---

[1] Timeliness is the only basis cited by counsel for Plaintiffs in indicating opposition to this motion.

Pursuant to Local Rule 105.12(b)(4) and (5), Everytown states that no party's counsel authored the brief in whole or part and no party or party's counsel contributed money to fund the preparation and/or submission of the brief. Pursuant to Local Rules 105.12(h) and 103.3(a), Everytown states that it has no parent corporations. To the extent that "affiliate of a corporate party" in Local Rule 103.3(a) refers to or includes an entity considered a "related organization" for purposes of I.R.S. Form 990 Schedule R, Everytown states that the following are such related organizations: Everytown for Gun Safety Victory Fund and Everytown for Gun Safety Victory Fund State Committee LLC.

In accordance with Local Rule 105.12(c), the brief is no more than 15 pages and otherwise complies with Local Rules 102.2, 105.1, 105.4, and 105.5.

## INTEREST OF AMICUS CURIAE

Everytown for Gun Safety ("Everytown") is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including over 48,000 in Maryland. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of 13 cities and other localities in Maryland are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise

to file more than 60 amicus briefs in Second Amendment and other firearms cases, including in this District, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g.*, *Md. Shall Issue, Inc. v. Hogan*, 1:16-cv-03311-ELH, Dkt. 129 (D. Md. Dec. 3, 2020); *Hirschfeld v. ATF*, No. 19-2250, Dkt. 21 (4th Cir. Feb. 19, 2020). Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92, 992 n.11 (C.D. Cal. 2019) *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

## RELEVANCE AND DESIRABILITY OF BRIEF

"Decisions about whether and how to allow amicus participation in federal district court are left to the discretion of the trial judge." *Md. Restorative Just. Initiative v. Hogan*, No. 1:16-cv-1021-ELH, 2017 WL 467731, at *8 (D. Md. Feb. 3, 2017); *see also Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D. Md. 2020). "Amicus briefs have been 'allowed at the trial level where they provide helpful analysis of the law, [the amici] have a special interest in the subject matter of the suit, or existing counsel is in need of assistance.'" *Wheelabrator Balt., L.P. v Mayor & City Council of Balt.*, 449 F. Supp. 3d 549, 555 n.1 (D. Md. 2020) (citation omitted); *see also City of Columbus v. Cochran*, 523 F. Supp. 3d 731, 742 (D. Md. 2021) (granting motions for leave where amici "demonstrated a special interest in the outcome of the suit and provided helpful information to the court"); *Am. Humanist Ass'n v. Maryland-Nat'l Cap. Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014) (noting that, in deciding whether to grant or deny leave, district courts often look

to "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case") (internal quotation marks omitted); *cf.* D. Md. Local R. 105.12(b)(1)-(2) (requiring motion for leave to file amicus brief to state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case").

Everytown respectfully submits that it has a special interest in this case, as set forth above, and that the proposed amicus brief would offer helpful insight to the Court regarding three methodological issues presented by Second Amendment cases in the wake of *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *First*, Everytown's proposed brief explains that in the initial, textual inquiry of the *Bruen* framework, Plaintiffs have not met their burden to establish that the Second Amendment's plain text covers their "proposed course of conduct," *id.* at 2134. *Second,* Everytown's proposed brief addresses an important question regarding historical analysis after *Bruen*—that is, whether the analysis should focus on the public understanding of the right to keep and bear arms in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *Bruen* identified, but did not resolve, that question. *See id.* at 2137-38. Everytown's proposed brief explains that 1868 is the correct focus and that sources in the period after 1868 are also critical to the historical analysis. *Third*, Everytown's proposed brief explains that, in light of *Bruen*'s discussion of the historical laws justifying sensitive places, *see id.* at 2133, even a small number of laws can be sufficient to establish this nation's tradition of firearm regulation. Everytown respectfully submits that the explication of these methodological issues in the attached amicus brief would assist the Court's decision-making. *Cf. Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 20, 2022), Dkt. 44

(reasoned order granting Everytown's motion for leave to file similar amicus brief in post-*Bruen* challenge to New York law).

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached as Exhibit A.

Dated: January 6, 2023

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack (Bar. No. 12415)
Kramer Levin Naftalis & Frankel, LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
Telephone (202) 775-4500
Fax: (202) 775-4510
Email: bpollack@kramerlevin.com

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

## CERTIFICATE OF SERVICE

On this 6th day of January, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Maryland by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack