IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 8:21-cv-01736-TDC (L) |
| ) | Case No. 8:22-cv-01967-DLB |
| MONTGOMERY COUNTY, MD, ) | |
| ) | |
| *Defendant*. ) | |

**OPPOSITION OF PLAINTIFFS TO EVERYTOWN'S MOTION TO FILE AMICUS BRIEF**

Plaintiffs respectfully submit this Opposition to the January 7, 2023, Motion of Everytown to file an amicus brief in support of the Opposition filed by defendant, Montgomery County, Maryland ("the County") to Plaintiffs' Emergency Motions for a TRO and a Preliminary Injunction ("TRO and PI Motion"). For the reasons set forth below, Everytown's Motion should be denied.

1. On December 6, 2022, plaintiffs filed an emergency motion seeking a TRO and a Preliminary Injunction on Count VII of the Verified Second Amended Complaint. Under a briefing schedule reached in a conference call with this Court on December 6, 2022, plaintiffs would file their Motion for a TRO and a preliminary injunction immediately and the supporting memorandum for that motion was limited to 35 pages. Plaintiffs, in fact, filed their motion and 35-page memorandum on December 6, 2022. The parties and the Court also agreed that the County's response to this TRO and PI Motion would be filed on December 30, 2022, with an expanded page limit of 50 pages. The County, in fact, filed a 45-page response on that date. Under the same agreement, the Reply of plaintiffs in support of the TRO and PI motion would be due 10 days later, on January 9, 2023, with a page limit of 25 pages. That 10-day permit was expedited and sooner

1

than the 14-day period normally allowed for such replies under this Court's local rules because of the emergency nature of plaintiffs' motion. Plaintiffs filed their 24-page Reply on January 9, 2023.

2. On January 6, 2023, at approximately 3:00pm, Everytown filed a motion for leave to file an attached 15-page amicus brief in support of the County over plaintiffs' opposition and without plaintiffs' consent. At that point, plaintiffs' Reply was nearing completion. Plaintiffs withheld consent because that consent was not requested by Everytown, via email, until 6:15pm on Thursday, January 5, 2023, and plaintiffs counsel did not even see that email until the next day (a Friday), a mere three days before plaintiffs' Reply was due. Everytown counsel proffered no reason for such a late notice other than that the Local Rule 105.12(e) of this Court permitted an amicus filing up to seven days after the filing of the brief of the party being supported. In short, Everytown decided to take the entire 7-days allowed by local rules for the normal, non-emergency case and ambush plaintiffs with a last-minute request for consent.

3. Plaintiffs found it quite impossible to revise the nearly completed 24-page Reply in such a way as to provide a full and fair response to the County's 45-page Opposition *and* Everytown's 15-page amicus brief within the agreed-upon page limits set by this Court's December 6, 2022, conference. The 24-page January 9, 2023, Reply complies with the page limit set by this Court, but no attempt was made by plaintiffs to respond to the lengthy arguments advanced by Everytown in its last-minute amicus brief. That result was undoubtedly the reason that Everytown waited until the last minute.

4. Local Rule 105-12(d) provides that "[t]he Court will not consider amici requests for relief that are different from or in addition to the relief, if any, requested by the party whose brief the amici supports." This rule comports with the general principle that "an amicus brief should not be used to address wholly new issues not raised by the parties." *Lehman XS Trust v. Greenpoint*

2

*Mortgage Funding, Inc*. 2014 WL 265784 at *2 (S.D.N.Y. 2014) (collecting case law). Thus "'[t]he named parties should always remain in control, with the amicus merely responding to the issues presented by the parties.'" *Waste Mgmt of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa.1995), quoting *Wyatt by and through Rawlins v. Hanan*, 868 F.Supp. 1356, 1358 (M.D.Ala.1994). That means that "[a]n amicus cannot initiate, create, extend, or enlarge issues." Id. See also *Tafas v. Dudas,* 511 F.Supp.2d 652, 660 (E.D. VA. 2007) ("The Court agrees that it may not consider legal issues or arguments not raised by the parties.").

  5. Here, Everytown's amicus brief is in direct violation of these principles by advancing arguments *never made* by the County in its December 30, 2022, Opposition to the TRO and PI Motion. Specifically, Everytown first argues that "Plaintiffs Have Not Met Their Burden To Establish That The Second Amendment's Plain Text Covers Their Conduct." (Amicus Br. at 3). Plaintiffs addressed that issue in its opening memorandum (at 12), but the County said **not a single word** in response to the points there made. Similarly, Everytown next argues that "The Proper Focus For Analysis Of Historical Regulation Is 1868, Not 1791." (Amicus Br. at 6). Plaintiffs' supporting memorandum specifically addressed this point (at 10 & and n.1), stating that the "historical inquiry looks to 1791," stating further that "[t]he Founding Era is the appropriate time period for this Court's historical analysis," citing an extensive law review article on that very subject. Once again, the County said **not a word** in response. Everytown's last argument is that "This Court Should Reject Any Effort To Dismiss The County's Historical Analogues As 'Outliers.'" Amicus Br. at 12. In its opening memorandum, plaintiffs specifically noted (at 11) that the Supreme Court in *NYR&PA v. Bruen*, 142 S.Ct. 2111, 2133, 2153, 2147 n.22 & 2156. 2022), had repeatedly rejected reliance on "outliers." Yet, once again, the County never addressed

whether the statutes and regulations on which it relies in its responsive brief were "outliers." The word "outlier" simply does not appear *even once* in its brief.

6. The rule is well-established that any failure to address a point in a responsive brief acts as a waiver or as a concession. See *In re Bestwall LLC*, 47 F.4th 233, 244 (3d Cir. 2022) ("Claimants do not dispute that those two elements have been satisfied, so we are left to consider only the arguments made by the Trusts."); *United States v. Osbosrne*, 807 Fed.Appx. 511, 526 (6th Cir. 2020) (We may treat [a party's] failure to respond to the Government's assertions as a concession of their validity."), citing *Hussam F. v. Sessions*, 897 F.3d 707, 720 (6th Cir. 2018); *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071 n.9 (5th Cir. 1985) ("[w]e treat the failure to respond to Hydril's arguments as a concession"). The Court should apply this principle here and hold that the County's failure to respond acts as a concession.

7. Such a concession ruling is particularly appropriate because it is obvious that the County and Everytown deliberately split the arguments. As noted above, an amicus cannot serve as a substitute for arguments that a party has declined to advance. Any other rule would encourage a party and its amicus to collude and thus effectively "tag-team" briefing by dividing up the arguments to be briefed. Here, that tactic permitted the County to evade the already expanded page limit set by the Court, while, in an ambush, leaving plaintiffs with three calendar days, over a weekend, to respond to what is effectively a 60-page combined brief filed by the County and its amicus. That result is prejudicial to plaintiffs because it was not possible to radically revise the draft Reply to respond to three totally new arguments advanced solely by Everytown. Attempting to so would have truncated the necessary points and arguments made in the Reply, as filed. By any measure, this tactic of the County and Everytown is a gross abuse of the amicus process.

4

8. This Court should not permit this sort of abuse of the amicus process. Indeed, there is no reason to permit Everytown's brief. As explained above, this Court may not consider new arguments made only by an amicus and every single one of Everytown's arguments fall into that category. Denial of Everytown's motion is thus appropriate for that reason alone. However, should this Court permit the filing of Everytown's brief, plaintiffs respectfully request an additional ten days from the date of any such order to file a 15-page responsive brief addressing the issues raised solely by Everytown's amicus brief. Plaintiffs make this request reluctantly because such additional briefing is obviously beyond the scope of the briefing specified by this Court in the December 6, 2022, conference and *will delay further* a speedy resolution of plaintiffs' *emergency* motions for relief. Nonetheless, Everytown and the County cannot be allowed to profit from their misuse of the amicus process to advance arguments uncontested.

9. Emergency motions require an expedited briefing and decision process and, in this Court, a motion for a TRO has long been treated as an emergency motion. Here, every day of delay results in an additional day in which plaintiffs' constitutional rights have been denied by the County. As plaintiffs' papers make clear, the physical safety of plaintiffs' declarants at places of worship is at stake. Persons who obtained carry permits prior to *Bruen* because of a documented need for personal protection are likewise at risk, as are persons who occupy a "presumed risk" category and who were issued permits by the Maryland State Police on that basis. See Plaintiffs' TRO and PI Memorandum at 8. Yet, additional briefing will result in more delay and *still more* prejudice to plaintiffs as well as to every person falling into these categories. The County's and Everytown tag-team tactics thus turns briefing into a true "Catch 22" for plaintiffs. The only proper response for this Court is to put a stop to the County's and Everytown's abuse of the amicus process and deny Everytown's motion for leave to file an amicus brief and hold that the County has

5

conceded the issues which it deliberately decided not to brief as part of this improper scheme to divide arguments with its amicus. The Court may also wish to consider, *sua sponte,* sanctions for this conduct.

## CONCLUSION

Everytown's Motion for leave to file an amicus brief should be denied.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd
Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
District Court Bar No. 21033

Dated: January 9, 2023