IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> MONTGOMERY COUNTY, MARYLAND, <br><br> *Defendant.* | Consolidated Civil Action Nos. <br> 8:21-cv-01736-TDC (lead) <br> 8:22-cv-01967-DLB |

**REPLY OF EVERYTOWN FOR GUN SAFETY TO PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANT**

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully submits this short reply to Plaintiffs' opposition (Dkt. 63) to Everytown's motion for leave to file an amicus curiae brief (Dkt. 60).

Plaintiffs provide no factual support in their opposition for the factual assertions on which that opposition is premised. This is not surprising because the assertions are simply untrue.

First, Plaintiffs contend that there was improper "collu[sion]" between Everytown and Montgomery County. There is no basis for this assertion. Everytown has made an independent determination that filing an amicus brief in this matter is consistent with Everytown's mission and can be of assistance to the Court. Everytown drafted the brief and has fully complied with all of the rules governing filing an amicus brief.

Second, Plaintiffs contend that Everytown's motion to file an amicus brief is untimely. In its effort to support this flawed argument, Plaintiffs falsely contend that "consent was not requested by Everytown, via email, until 6:15pm on Thursday, January 5, 2023" and that "plaintiffs counsel

did not even see [Everytown's] email until the next day (a Friday)"—*i.e.* Friday, January 6. Dkt. 63 at 2. Plaintiffs' counsel replied to Everytown's request for consent by email at 5:29pm on Thursday, January 5—45 minutes before Plaintiffs' counsel claims Everytown sent its request, and on the day before he claims to have first seen that request. The reality is that Counsel at Everytown emailed Plaintiffs' counsel and Montgomery County's counsel, copying undersigned counsel, late on the evening of Wednesday, January 4, notifying them that Everytown intended to file a brief on January 6 and asking whether they consented.[1]

Everytown plainly timely sought Plaintiffs' counsel's position on the motion before filing and, after Plaintiffs indicated opposition to the motion, timely filed its motion. Accordingly, Plaintiffs' professed procedural concerns are meritless.

Plaintiffs' arguments regarding the substance of Everytown's brief are likewise misplaced. Everytown's brief is fully in accord with Local Rule 105-12(d); it does not request "relief that [is] different from or in addition to the relief" Montgomery County requests. *See* Dkt. 60-1. As Plaintiffs concede (*see* Dkt. 63 at 3), the arguments in Everytown's brief specifically respond to issues raised in Plaintiffs' opening brief. The fact that the brief presents different *arguments* from those in Montgomery County's brief does not make it objectionable. Indeed, no amicus brief would ever be helpful to a court if it were forbidden to do anything beyond repeating the arguments in the brief it supports.

That is not the rule, in this District or elsewhere. *See, e.g.*, S. Ct. R. 37.1 ("An amicus curiae brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An amicus curiae brief that does not serve this purpose burdens the Court, and its filing is not favored."); 3d Cir. L.A.R. 29.1 ("Before

---

[1] A copy of the full correspondence, showing that the email requesting consent was sent to Plaintiffs' counsel at 11:12 p.m. on January 4, is attached as Exhibit A.

completing the preparation of an amicus brief, counsel for an amicus curiae must attempt to ascertain the arguments that will be made in the brief of any party whose position the amicus is supporting, with a view to avoiding any unnecessary repetition or restatement of those arguments in the amicus brief."). Indeed, Plaintiffs have it exactly backwards. If all Everytown did was repeat Montgomery County's arguments, that could be reason to deny Everytown leave to file its amicus brief. *Wheelabrator Baltimore, L.P. v. Mayor & City Council of Baltimore*, 449 F. Supp. 3d 549, 555 n.1 (D. Md. 2020) (denying motions for leave to file proposed amicus briefs that "do not provide any legal analysis beyond the arguments raised in the parties' briefs"). It is precisely because Everytown is providing arguments in addition to those made by Montgomery County that its motion for leave to file an amicus brief should be granted.

Everytown respectfully requests that this Court grant its motion for leave to file the proposed amicus brief. *See* Dkt. 60, 60-1.

Dated: January 10, 2023

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack (Bar. No. 12415)
Kramer Levin Naftalis & Frankel, LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
Telephone (202) 775-4500
Fax: (202) 775-4510
Email: bpollack@kramerlevin.com

*Counsel for Amicus Curiae
Everytown for Gun Safety*

## CERTIFICATE OF SERVICE

On this 10th day of January, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Maryland by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack