IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 8:21-cv-01736-TDC **(L)** |
| ) | Case No. 8:22-cv-01967-DLB |
| MONTGOMERY COUNTY, MD., ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES**

Plaintiffs respectfully submit this notice of supplemental authorities for the purpose of bringing to the Court's attention the recent decision of the district court in *Siegel v. Platkin*, No. 22-7464 (D. N.J. Jan. 30, 2023), which was decided after briefing was complete on plaintiffs' Emergency Motion for a Temporary Restraining Order and Emergency Motion for a Preliminary Injunction. In that case, the district court granted a TRO and enjoined a New Jersey from enforcing a law that was enacted in response to *NYSR&P v. Bruen*, 142 S.Ct. 2111 (2022), and imposed new restrictions on the right to carry in public recognized in *Bruen*. Specifically, the court found that at least one of the plaintiffs there had standing and enjoined New Jersey bans on the carrying of firearms in parks, beaches, recreational facilities, public libraries, museums, bars, restaurants, and where alcohol is served, entertainment facilities, in vehicles and on private property without the prior permission of the owner. In each instance, the court found that "the Second Amendment's plain text covers the conduct in question (carrying a concealed handgun for self-defense in public)." Slip op. at 23, 29. 30, 31, 32, 46.

In particular, the court rejected New Jersey's argument and that of its amicus that there was no right to carry on private property. The Court ruled that, under *Bruen*, the right extends outside the home and the right is "one's right to "'wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person.'" Slip op. at 38, quoting *Bruen*, 142 S. Ct. at 2134. This right, the court held, "naturally encompasses one's right to public carry on another's property, unless the owner says otherwise." Id. That result, the court stressed was consistent with American tradition, ruling that "Defendants' position has no basis in this country's history and tradition of firearms regulation." Id. at 40. The court found that the New Jersey defendants "are, 'in essence, criminalizing the conduct that the *Bruen* Court articulated as a core civil right.'" Id. In so holding, the court examined and rejected the same arguments advanced by the County and by the amicus in this case, including rejecting the same historical analogues cited by the County and Everytown here. The court's analysis is compelling and directly on point.

Indeed, the bans imposed by the County at issue in this case are even more restrictive and severe than those imposed by the New Jersey law at issue in *Siegel*. For example, New Jersey did not purport to impose 100-yard exclusions zones. Rather, the New Jersey law "is only appliable in buildings or the part(s) of a building that have a restricted use, and thus, are a "sensitive place" when used as such." Slip op. at 43.  And, unlike the County, New Jersey expressly disavowed a broad definition of "schools" that the County has expressly enacted. Id. at 42-43. The district court also found irreparable harm, noting that "[e]ven if constitutional deprivations are not per se irreparable injuries, the threat of prosecution for engaging in constitutionally protected conduct certainly is." Id. at 44. Finally, the court found that the balance

of the equities favored plaintiffs and that the public interest was served by preliminary relief. A copy of the district court's slip opinion is attached for the convenience of the Court.

                                          Respectfully submitted,

                                          */s/ Mark W. Pennak*

                                          MARK W. PENNAK
                                          MARYLAND SHALL ISSUE, INC.
                                          9613 Harford Rd., Ste C #1015
                                          Baltimore, MD 21234-21502
                                          mpennak@marylandshallissue.org
                                          Phone: (301) 873-3671
                                          District Court Bar No. 21033