IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 8:21-cv-01736-TDC **(L)** |
| ) | Case No. 8:22-cv-01967-DLB |
| MONTGOMERY COUNTY, MD., ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFFS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the decision of the district court in *Worth v. Harrington*, No. 21-cv-1348 (D. Minn. March 31, 2023) (slip opinion attached). In that case, the district court invalidated Minnesota's ban on the issuance of carry permits to 18 to 20-year-olds, holding that such a ban failed for lack of a proper historical analogue as required by *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). In so ruling, the court held that Minnesota, "offers no persuasive reason why this Court should rely upon laws from the second half of the nineteenth century to the exclusion of those in effect at the time of the founding in light of *Bruen's* warnings not to give post-Civil War history more weight than it can rightly bear." Slip op. at 27.

The court also expressly rejected the Eleventh Circuit's analysis of the appropriate period taken in *NRA v. Bondi*, 2023 WL 2484813 (11th Cir. 2023), stating "in this Court's view, *Bondi* declined to follow rather clear signs that the Supreme Court favours 1791 as the date for determining the historical snapshot of 'the people' whose understanding of the Second Amendment matters." Slip op. at 26. The court nonetheless concluded that *Bondi* did not affect the court's conclusion in that case, noting that "even if *Bondi* is correct, analyses based on 1791 and on 1868 yield the same results in this case." Id. at 27. That was because "[t]he contour of the Second Amendment right

that we are addressing in this case is not whether a law prohibiting the *sale* of handguns to 18-to-21-year-olds is consistent with the nation's history and tradition of firearm regulation as it existed in either 1791 or in 1868, as it was in *Bondi*," but rather "the right of that cohort to publicly carry a handgun for self-defense." Id. at 27-28 (emphasis the court's). On that issue, the court ruled, "the laws reviewed and considered by the *Bondi* court no more reveal a history and tradition of firearms regulations relevantly similar to Minnesota's age requirement than do those cited by [Minnesota]." Id. at 28.

At the February 6, 2023, hearing in this case, the County asserted that its ban on possession and transport of firearms at or within 100 yards of a school "would encompass universities and colleges." Transcript of Feb. 6, 2023, Hearing at 71-73 (attached). On that point, the *Worth* court examined in depth the historical record associated with firearms restrictions on college campuses. Each of the restriction discussed were focused solely on restricting students, not other adults. Slip op. at 28-29. The court noted that these restrictions did not demonstrate "a relevantly similar historical tradition of restrictions on 18-to-20-year-olds possessing or carrying firearms" because they were established by college boards or leadership rather than by statute and were too limited "to suggest an original public understanding that restrictions on 18-to-20-year-olds' possession and carrying of firearms were consistent with the Second Amendment." Id. at 30. The court thus found that these restrictions were not "relevantly similar" to Minnesota's ban under *Bruen*'s "how and why" metrics. Id. at 30, citing *Bruen*, 142 S.Ct. at 2132-33. The same analysis applies, *a fortiori,* to the County's ban on possession and carry by **all** persons at places of higher education. The court also rejected Minnesota's reliance on an 1817 Columbia ordinance and an 1803 New York City ordinance for the same reason. Slip op, at 32-33.

Turning to "reconstruction-era analogues," the court in *Worth* rejected Minnesota's reliance on "analogues from before and after ratification of the Fourteenth Amendment," holding

"relying on laws so far removed in time from the ratification of the Second Amendment to demonstrate the 'historical tradition of firearm regulation' contemplated by *Bruen* would 'giv[e] post-enactment history more weight than it can rightly bear.'" Slip op. at 36-37, quoting *Bruen*, 142 S. Ct. at 2135-36. The court thus rejected as well "several laws from shortly before the Civil War, and 19 regulations enacted between 1875 and 1899." Id. at 36. Those laws, the court held, also were not "relevantly similar" to Minnesota's law. Id. at 37.

The court's holdings and reasoning in *Worth* support plaintiffs' contention that *Bondi* has no application to the scope of plaintiffs' Second Amendment right "to publicly carry a handgun for self-defense," the right also at issue in this case. *Worth*'s reasoning on campus restrictions likewise bears on the County's defense of its ban at these locations. The *Worth* court's reasoning also makes clear that *Bondi* erred in ignoring the "clear signs that the Supreme Court favors 1791" as controlling the scope of the Second Amendment. Such "signs" are detailed in *Worth* (slip op. at 26-27) and the same "signs" are detailed in plaintiffs' response to the County's notice of supplemental authorities and in plaintiffs' response to Everytown's amicus brief. *Worth* thus expressly rejected "Reconstruction-era" laws and regulations as proper analogues. Slip op. at 36-37. *Worth*'s analysis on all these questions is compelling and applicable here. Indeed, throughout its analysis, the *Worth* court relied on the historical analogue approach taken by the Fourth Circuit in *Hirschfeld v. BATF*, 5 F.4th 407, 418–19, 421–23 (4th Cir. 2021), *vacated as moot,* 14 F.4th 322, 328 (4th Cir. 2021). Slip op. at 8, 14, 15, 16, 18, 19, 34. *Hirschfeld* should likewise guide this Court's historical analysis.

Finally, in their prior response to the County's notice of supplemental authorities, filed March 28, 2023, plaintiffs noted that the Eleventh Circuit had *sua sponte* entered an order withholding the mandate in *Bondi*. Subsequently, on March 30, 2023, the plaintiffs in *Bondi* filed a petition for rehearing en banc. *NRA v. Bondi,* No. 21-12314 Docket #68 (filed March 30, 2023).

Under Rule 41(b) of the Federal Rules of Appellate Procedure, that filing of a petition for rehearing also has the effect of staying the mandate.

## CONCLUSION

A preliminary injunction should be granted without delay.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
MARYLAND SHALL ISSUE, INC.
9613 Harford Rd
Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
District Court Bar No. 21033