```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
 2                          SOUTHERN DIVISION
     _____
 3                                         )
     MARYLAND SHALL ISSUE, INC., et al.,   )
 4                  Plaintiffs,            )
           v.                              ) Case No. 8:21-cv-01736-TDC
 5   MONTGOMERY COUNTY, MARYLAND,          )
                    Defendant.             )
 6   _____)
                                           Greenbelt, Maryland
 7                                         February 6, 2023
                                           2:59 p.m.
 8
                              MOTIONS HEARING
 9             BEFORE THE HONORABLE THEODORE D. CHUANG

10                      A P P E A R A N C E S

11   ON BEHALF OF THE PLAINTIFFS:

12        LAW OFFICES OF MARK W. PENNAK
          7416 Ridgewood Avenue
13        Chevy Chase, Maryland  20815
          BY:   MARK WILLIAM PENNAK, ESQUIRE
14              (301) 873-3671
                m.pennak@me.com, ESQUIRE
15
     ON BEHALF OF THE DEFENDANT:
16
          OFFICE OF THE COUNTY ATTORNEY
17        101 Monroe Street, Third Floor
          Rockville, Maryland  20850
18        BY:   EDWARD BARRY LATTNER, ESQUIRE
                (240) 777-6735
19              Edward.Lattner@MontgomeryCountyMD.gov
          BY:   MATTHEW HOYT JOHNSON, ESQUIRE
20              (240) 777-6709
                matthew.johnson3@montgomerycountymd.gov
21        BY:   ERIN JEANNE ASHBARRY, ESQUIRE
                (240) 777-6700
22              erin.ashbarry@montgomerycountymd.gov

23                       PATRICIA KLEPP, RMR
                        Official Court Reporter
24                    6500 Cherrywood Lane, Suite 200
                        Greenbelt, Maryland  20770
25                          (301) 344-3228
```

1  to places of worship, for example, the County would suggest that
2  the Court, under Bruen, would need to look to the statutory
3  analogues identified by the County that prohibited firearms in
4  places of worship.  And the County did identify a number of
5  states that had laws prohibiting firearms at places of worship
6  on the books in excess of a decade.  A couple of those statutes
7  were considered by the Supreme Courts of the day and approved,
8  expressly approved by those courts.
9              THE COURT:  Which ones are those?
10             MS. ASHBARRY:  Your Honor, I believe that that is the
11 Georgia and Texas Supreme Court cases, which I believe are Hill
12 and English.
13             THE COURT:  Okay.  So am I correct, from the way you
14 describe this, you want me to make the analogy that a childcare
15 facility is a sensitive place.  Are you asking me to do that for
16 any other of the listed places of public assembly, or are you
17 leaning only on the historical record for all of those?
18 Understanding that, I think to some degree, the sensitive place
19 determination does require a look at history as well.
20             MS. ASHBARRY:  Correct, Your Honor.  The County would
21 point to childcare facilities as well as private schools, to the
22 extent that those are challenged by plaintiffs here.  The
23 County's argument there is that the Bruen Court did not say only
24 public schools in its ruling, never did.  Neither it Heller,
25 which also referred to schools as a sensitive location.

| | |
|---|---|
| 1 | THE COURT:  Would you agree, though, that that doesn't |
| 2 | necessarily cover colleges and universities? |
| 3 | MS. ASHBARRY:  Your Honor, the County's law, before |
| 4 | its recent amendments, was limited to I believe primary and |
| 5 | secondary schools -- is that correct -- but as revised by 21-22, |
| 6 | it's schools.  And so the County would argue that it's a broad |
| 7 | interpretation of that term, and it would encompass universities |
| 8 | and colleges, to the extent there are any in Montgomery County. |
| 9 | THE COURT:  Well, we have Montgomery College, to start |
| 10 | with. |
| 11 | MS. ASHBARRY:  Yes, yes. |
| 12 | THE COURT:  But you're saying that -- the statute |
| 13 | covers that, but does -- are you saying that colleges and |
| 14 | universities are sensitive places, under the Bruen construct? |
| 15 | MS. ASHBARRY:  Yes. |
| 16 | THE COURT:  So what is the analogy that you're |
| 17 | drawing, then, because when I think of -- is it that these are |
| 18 | places of educational teaching, or is it that this is a place |
| 19 | where children are frequently found in large numbers?  What is |
| 20 | the thing that makes it sensitive, and what's the basis for that |
| 21 | position? |
| 22 | MS. ASHBARRY:  I would say both of those.  In other |
| 23 | words, not only has the County -- well, schools today, with |
| 24 | respect to childcare facilities for children who are younger |
| 25 | than kindergarten age frequently combine both preschool and |

1    childcare, Your Honor.  And so to the extent -- ultimately, a
2    school for those individuals, for that group, they're minors,
3    they're away from the protection of their parents, and therefore
4    are -- and that's very similar to a school, historically,
5    Your Honor.
6           And with respect to institutions of higher education,
7    the County would argue that falls under the definition of a
8    school in Bruen.  And also, we would point to there are numerous
9    historical statutes that ban weapons at places of -- for
10   education or literary purposes.
11          THE COURT:  No, I understand that argument.  I'm just
12   trying to understand, what is your definition of sensitive
13   places and which parts of the statute fit within that, and I
14   think you're trying to argue colleges and universities fit
15   within that because they're analogous to schools.
16          MS. ASHBARRY:  Yes.
17          THE COURT:  And I'm just trying to understand --
18   honestly, I don't know if there is any source you can tell me
19   that helps define sensitive places better than just the case
20   itself and that one word, "schools," but you're saying it's
21   anyplace there's a lot of children, anyplace involving learning.
22          MS. ASHBARRY:  Yes.
23          THE COURT:  Not "and" but "or," one or the other.
24          MS. ASHBARRY:  Yes.
25          THE COURT:  And the basis for that is just your own

```
 1   analysis; there's no further elucidation of the term "schools"
 2   in this case other than the word itself.
 3             MS. ASHBARRY:  Correct, Your Honor.
 4             THE COURT:  Or is there?  Because I haven't found
 5   anything easy to focus on, but --
 6             MS. ASHBARRY:  That's correct, Your Honor, and
 7   furthermore, you know, the statute authorizing the County --
 8   again, the state statute authorizing the County -- authorizes
 9   the County to ban weapons at schools.  It's a very broad term in
10   the state statute as well.
11             THE COURT:  Is schools defined anywhere?  Again, I
12   don't know what the Bruen Court meant by that, and I'm not going
13   to say they were necessarily thinking about either a federal
14   statute or something else, but I'm not sure it's the most
15   natural reading of the term to say that it includes colleges and
16   universities.  I think your argument that it would include
17   private schools is probably stronger between those two.  But is
18   there some sort of textual or definition-based argument you can
19   make that colleges and universities are covered by schools?
20             MS. ASHBARRY:  Not within Bruen, Your Honor, no, but
21   with respect to the spirit of the other historical analogues
22   that have been presented to the Court in our filing, that
23   locations for educational or literary purposes are historically
24   locations where firearms were banned or prohibited.
25             THE COURT:  Okay.  So any other categories you're
```

```
 1   saying you have an argument on how it's a sensitive place, as
 2   opposed to just something I should just look at the history of?
 3           MS. ASHBARRY:  Well, you know -- yes, Your Honor.
 4   Essentially, for -- we're very clear in our papers which
 5   provisions of the law we view as falling under the exist- -- the
 6   existing five areas identified in Bruen.  Private school --
 7   buffer zones in private schools, we make our arguments and
 8   provide analogues to the Court.  And similar with respect to
 9   places of worship.  And I don't -- all of the -- in other words,
10   all of the areas in the County's defin- -- definition of public
11   assembly are either analogous to these five sensitive locations
12   in Bruen or have an historical tradition to support a finding
13   that the County may constitute --
14           THE COURT:  I'm just trying to understand.  I thought
15   just a moment ago you said places of worship was not a sensitive
16   place, and now I just heard you say it was, so which one is it?
17           MS. ASHBARRY:  Yes.  Yes, it is, Your Honor, it is, it
18   is.  My apologies; I did not mean to confuse the Court.  It is a
19   sensitive location where the County could -- may
20   constitutionally ban firearms.
21           THE COURT:  And what's the reasoning behind that
22   theory?  It's analogous to which of the five, or how do you get
23   it into that category?
24           MS. ASHBARRY:  That -- the County does not argue it's
25   analogous to one of the Bruen five.  Instead, the County argues
```