

**Marc Elrich**
*County Executive*

OFFICE OF THE COUNTY ATTORNEY

**John P. Markovs**
*County Attorney*

July 3, 2023

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

    Re:    *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland*
            Case No. 8:21-cv-01736-TDC (**L**) (D. Md.)
            Case No. 8:22-cv-01967-DLB
            **Notice of Intent to file Motion to Dismiss or in the Alternative for Summary Judgment**

Dear Judge Chuang:

    Pursuant to the Court's Letter Order Regarding the Filing of Motions (ECF No. 11), Defendant Montgomery County, Maryland (the County) requests permission to file a Motion to Dismiss or in the Alternative for Summary Judgment. The County understands that, under the Court's Order, the filing of this request tolls the time period for filing the motion and for answering the Second Amended Complaint until after the request is resolved.

    Plaintiffs' Second Amended Complaint challenges two County bills—Bill 4-21 and Bill 21-22E—that modified County Code Chapter 57, which regulates weapons. The Bills modified the definition of "place of public assembly," and prohibit ghost guns and undetectable guns within 100 yards of a place of public assembly. The Bills also prohibited the sale or transfer of ghost guns and undetectable guns near minors. This Court's Order of May 5, 2023 (ECF No. 77), remanded Counts I, II, and III to the Circuit Court for Montgomery County, Maryland. The remaining counts pending and at issue in this Court purport to allege due process violations of the U.S. Constitution's Fourteenth Amendment and Article 24 of the Maryland Declaration of Rights (Counts IV, V, and VI), and violations of the U.S. Constitution's Second Amendment (Counts VII and VIII).

    The County seeks dismissal of the Complaint **because the Plaintiffs lack standing**. To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct . . . and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The injury-in-fact requirement ensures that plaintiffs have a "personal stake in the outcome of the controversy." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Since Plaintiffs here seek declaratory and injunctive

The Honorable Theodore D. Chuang
July 3, 2023
Page 2

relief, they must establish an ongoing or future injury in fact. *O'Shea v. Littleton*, 414 U.S. 488 (1974). To the extent that Plaintiffs have alleged a sufficient intention "to engage in conduct afflicted with a constitutional interest," they have offered no evidence to support a credible threat of prosecution as required by *Babbitt v. Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). Plaintiffs do not allege that they have been threatened with prosecution as in *Steffel v. Thompson*, 415 U.S. 452 (1974). Similarly, Plaintiffs have offered no evidence of the law having been enforced in any fashion, again, as in Steffel. These precise reasons were held sufficient to defeat the standing of all individual and organizational plaintiffs in *Md. Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 218 (4th Cir. 2020) and are equally applicable here.

Plaintiffs' damages claims must be dismissed because they are seeking compensatory damages. *Gregory v. FedEx Ground Package Sys.*, No. 2:10cv630, 2012 U.S. Dist. LEXIS 87798, at *27 (E.D. Va. 2012) ( "Declaratory judgment 'is appropriate when the judgment will serve a useful purpose of clarifying and settling the legal relations in issue, and when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding,' but not where questionable conduct has already occurred, damages have already accrued, and a suit has already been instituted").

The **Motion for Summary Judgment** essentially seeks a declaration in opposition to the one sought by Plaintiffs—that the Bill does not violate any of the provisions alleged.

The County's law is not unconstitutionally **vague** on its face as alleged in Count IV. As the County only recently enacted the Bills and none of the Plaintiffs have been aggrieved, they cannot proceed under an "as applied" analysis. The Supreme Court has laid out an extraordinarily difficult standard to succeed on a facial challenge. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449-51 (2008) (a plaintiff can only succeed on a facial challenge by establishing that no set of circumstances exists under which the law would be valid). Maryland court have set a similarly high bar. *Bowers v. State*, 283 Md. 115, 125 (1978) ("[a] statute is not vague when the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning.") The text of the Bills are clear and readily discernable.

Summary judgment for the County as to Count V is appropriate because the plain text of the Second Amendment does not protect a right to possess parts of firearms, including ghost guns and undetectable guns. *See Defense Distributed v. Bonta*, No. CV 22-6200-GW-AGRx, 2022 U.S. Dist. LEXIS 195839 at *10 (C.D. Cal., October 21, 2022) (the Second Amendment's plain text does not cover the self-manufacture of firearms or the sale of tools and parts necessary

The Honorable Theodore D. Chuang
July 3, 2023
Page 3

to complete the self-manufacturing process).[1] Divorced of its Second Amendment footing, Plaintiffs' due process claim is little more than a common gripe about the County's regulation of firearms. *Md. Aggregates Ass'n, Inc. v. State*, 337 Md. 658, 668 (1995) ("the wisdom or expediency of a law adopted by a legislative body is not subject to judicial review").

Count VI should be dismissed because Plaintiffs have failed to state a claim that Section 57-7 of the County Firearms Law violates their parental rights. Without any supporting authority, the Second Amended Complaint alleges that "[p]arents have a constitutional right to instruct their children in the safe use and handling of firearms and components otherwise protected by the Second Amendment, including the assembly and disassembly of handguns and long guns." ECF No. 49 ¶ 132. The cases cited in the Second Amended Complaint do not support Plaintiffs' position and the County is unaware of any legal authority to support their allegations under Count VI. A parent's right to control a child's upbringing and education "is neither absolute nor unqualified." *Bailey v. Virginia High Sch. League*, Inc., 488 F. App'x 714, 716 (4th Cir. 2012) (quoting *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 182 (3rd Cir.2005)). Here, the County's enactment of Section 57-7 is reasonable as a matter of law and rationally related to a legitimate state purpose of keeping minors safe from the dangers of gun violence associated with the proliferation of ghost and undetectable guns. *See Herndon by Herndon v. Chapel Hill-Carrboro City Bd. of Educ.,* 89 F.3d 174, 179 (4th Cir. 1996).

The County is entitled to judgment as a matter of law as to Count VII because its definition of a place of public assembly meets the constitutional standard enunciated by the Supreme Court in *Bruen.* For many areas, there are statutory "historical twins" prohibiting the carry of guns. To the extent there are not any historical twins, analogues exist for the "sensitive locations" where County's law prohibits the carry of guns. *See* Memorandum in Support of Defendant's Opposition to Plaintiffs' Emergency Motion for a Temporary Restraining Order and Emergency Motion for a Preliminary Injunction (ECF 059) at 20 - 37.

Finally, as to Count VIII, the Second Amendment "right to keep and bear arms" does not protect the right to possess "major components" used to manufacture guns or "ghost guns" as defined by the County's law. *See Bonta*, *supra*, at *10. Additionally, the Second Amendment does not apply to "inherently dangerous" weapons; ghost guns and undetectable guns are inherently dangerous. *See New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111, 2162 (2002) (Kavanauah, J., concurring). Even if the Second Amendment right covered "ghost guns," there is no statutory "historical twin" for ghost guns as they did not exist prior to recent decades. But the County's law banning major components and ghost guns is analogous to numerous historical regulations that prohibited self-made weapons capable of hurling projectiles.

---

[1] *Tentative ruling adopted by* Case No. CV 22-6200-GW-AGRx, 2022 U.S. Dist. LEXIS 198110 (C.D. Cal. Oct. 24, 2022).

The Honorable Theodore D. Chuang
July 3, 2023
Page 4

      Based on the foregoing, the County intends to file a Motion for Summary Judgment and a Motion to Dismiss the Complaint. The County seeks leave of the Court to file those motions and will participate in a telephone conference if the Court decides to schedule one.

                                                     Very truly yours,

                                                     Edward B. Lattner
                                                     Deputy County Attorney

                                                     Erin J. Ashbarry
                                                     Associate County Attorney

                                                     Matthew H. Johnson
                                                     Associate County Attorney

    cc:    Mark W. Pennak
            Maryland Shall Issue, Inc.
            9613 Harford Rd., Ste. C #1015
            Baltimore, MD 21234-21502