

July 8, 2023

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

Re:   *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland,*
      Case Nos. 8:21-cv-01736-TDC & 8:22-cv-01967-DLB (D. Md.)

**Notice of Intent to Submit a Rule 8, FRAP, Motion For An Injunction Pending Appeal**

Dear Judge Chuang:

This Letter is intended to comply with the Court's Case Management Order. On July 6, 2023, this Court entered an Order denying plaintiffs' motion for a preliminary injunction. On July 7, 2023, plaintiffs filed a notice of appeal from that Order pursuant to 28 U.S.C. § 1292(a)(1). Plaintiffs respectively request leave to file with this Court a motion for an injunction pending appeal under Rule 8(a)(1)(C) of the Federal Rules of Appellate Procedure. That Rule expressly requires that a party seeking such relief "must ordinarily move first in the district court" before such a filing may be made in the Court of Appeals. Plaintiffs' Rule 8 motion would comply with that directive.

The Management Order provides that the Court need not hold a conference on a request for leave to file a motion "if the Court determines that no Conference is necessary." In such cases, the Court will "issue an Order authorizing the filing of the motion in accordance with the terms of this Case Management Order and the Local Rules." Respectfully, plaintiffs see no need for a conference on a Rule 8 motion and thus the Court should authorize the filing of this motion without a conference. We respectfully request that the Court do so without delay. Acting promptly will ensure that plaintiffs may either obtain relief from this Court or be able to move expeditiously for an injunction pending appeal from the Court of Appeals under Rule 8.

We acknowledge, of course, that the Court denied a preliminary injunction in its July 6, 2023, Order. But whether to grant such relief *pending appeal* poses a different question than whether to grant a preliminary injunction while the case is otherwise pending in district court. Rule 8 relief is governed by *Nken v. Holder*, 556 U.S. 418 (2009). See *Grimmett v. Freeman*, 2022 WL 3696689 at *1 (4th Cir. 2022) (per curiam) (granting such an injunction pending appeal). That standard requires that the party seeking such relief make "'a strong showing'" that they are "'likely to succeed on the merits.'" Id., quoting *Nken*, 556 U.S. at 426. Plaintiffs' Rule 8 motion will easily satisfy that standard.

Plaintiffs' Rule 8 motion will seek an injunction pending appeal **only** with respect to the County's bans on possession and transport of firearms in the County's 100-yard exclusionary zones by a person who has a wear and carry permit issued by the Maryland State Police. That limited request

is much narrower than the preliminary injunctive relief sought in plaintiffs' original motion. The Rule 8 motion thus will not seek relief as to whether the County may ban possession of all firearms *within* the specific locations identified by the County's definition of a "place of public assembly."

There are likely thousands of such 100-yard exclusionary zones spread throughout the County. The County itself, in opposing plaintiffs' motion for a preliminary injunction, stated that "[t]here are over 1,000 licensed childcare facilities in the County." County Opp. To Plaintiffs' Motion for a PI at 26. A childcare facility is merely **one** of the many types of locations in which firearms are banned by the County. See Opinion at 4. The existence of so many such zones make it impossible, as a practical matter, for persons who have been issued a wear and carry permit to legally carry in the County. That effect is not seriously disputed by the County and, indeed, was fully intended by the County when it enacted Bill 21-22E. Inexplicably, the Court's Opinion did not address this reality even though it was prominent in the briefing.

In *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2118-19 (2023), the Supreme Court held that "there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place.'" In its Opinion in this case, the Court has permitted the County "to effectively declare" the whole of Montgomery County, Maryland, a "sensitive place" in which all firearms are banned, even by permit holders. The island of Manhattan occupies approximately 23 square miles. Montgomery County occupies over 490 square miles, which is **21 times** larger than the island of Manhattan. If New York may not "effectively" ban carry on the island of Manhattan, the County may not "effectively" ban carry throughout the County. *Bruen* held that there is a "general right" to carry in public, 142 S.Ct. at 2135, 2134, 2135, but the Court's Opinion in this case has allowed the County to effectively extinguish that right. Respectfully, that result is indefensible.

The County bans firearms over vast tracts of privately owned land otherwise open to the public and those bans are thus analogous to New Jersey's presumptive ban on carry on private property at issue in *Koons v. Platkin*, --- F.Supp.3d ---, 2023 WL 3478604 (D.N.J. May 16, 2023). In that case, the district court preliminarily enjoined that presumptive ban, holding that such a ban violated the Second Amendment. Id. at *68. New Jersey appealed that ruling (and other rulings) to the Third Circuit and sought a stay of the injunction pending appeal under Rule 8. That motion is, of course, the mirror image of the relief that plaintiffs will seek in this case with a Rule 8 motion.

In a 2-1 ruling, the Third Circuit in *Koons* granted New Jersey's motion for a stay as to a few portions of the district court's order, but the court otherwise *denied* the state's motion for a stay, including refusing to stay that part of the district court's preliminary injunction invalidating the presumptive ban on carry on private property. The third judge on the panel would have denied New Jersey's motion for a stay in its entirety. See *Koons v. Attorney General of New Jersey*, No. 23-1900, slip op. at 2 and n.1 (June 20, 2023) (attached). That order of the Third Circuit on a Rule 8 motion is instructive here. In this case, the County's ordinance, with its thousands of 100-yard exclusionary zones, effectively bans carry by permit holders much more extensively than the New Jersey statute enjoined in *Koons*. Plaintiffs have a strong likelihood of success on appeal.

*Nken* also requires a showing of irreparable harm, that the relief sought will not "substantially injure the other parties and is "in the public interest." 556 U.S. at 434. These elements are also easily apparent here. Plaintiffs suffer continuing irreparable harm by the County's denial of plaintiffs' constitutional right to carry in public. "The right to 'keep and bear Arms' historically encompassed an "individual right to possess and carry weapons *in case of confrontation.*" *Bruen* 142 S.Ct. 2176 (emphasis added) (citation omitted). The whole point of carry "in case of

confrontation" is lost if plaintiffs are required to demonstrate "a specific incident of violence for which a firearm would be necessary for self-defense is imminent or likely." Slip op. at 39. The Supreme Court disallowed that sort of analysis in *Bruen* in rejecting New York's argument the government should be allowed to "condition handgun carrying in areas 'frequented by the general public' on a showing of a nonspeculative need for armed self-defense in those areas.'" 142 S.Ct. at 2135. As this Court recognized in its Opinion, "the denial of a constitutional right, if established, would qualify as irreparable harm." Slip op. at 38, citing *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987). See also *Grimmett*, 2022 WL 3696689 at *2. That harm alone is enough to constitute "irreparable" harm under *Nken*. We know of no court that has refused to enjoin a likely violation of the Second Amendment on grounds that the plaintiff had not shown an "imminent" need for self-defense.

Allowing permit holders to carry pending appeal would also simply reinstate the *status quo ante* that existed prior to the enactment of Bill 21-22E on November 28, 2022. Carry by permit holders was specifically exempted by County Code, § 57-11(b)(5). Such carry by permit holders did not harm the County then and presumably was likewise in the public interest. While *Bruen* allows more people to obtain carry permits, 142 S.Ct. at 2138 n.9, that is because "the people" have a constitutional right to bear arms. "[U]pholding constitutional rights is in the public interest." *Legend Night Club v. Miller*, 637 F.3d 291, 303 (4th Cir. 2011). That is enough under *Nken*. See *Hispanic National Law Enforcement Association NCR v. Prince George's County,* 535 F.Supp.3d 393, 428-29 (D.Md. 2021) (Chuang, J.) (collecting circuit caselaw).

That constitutional right may not be balanced away just because the County (or the Court) believes (or fears) that public safety might be impaired by allowing trained and vetted permit holders to exercise their constitutional rights. See *Bruen*, 142 S.Ct. at 2126 n.3 ("'[t]he right to keep and bear arms ... is not the only constitutional right that has controversial public safety implications'") (citation omitted). See also *Bruen*, 142 S.C. 2160-61 (Alito, J., concurring). While violence is indeed rising in the County, that reality is even more reason to allow permit holders to exercise their constitutional right of self-defense. A synagogue or a church in the County need not wait for mass shooter to engage in a horrific rampage before allowing permit holders to protect themselves (and others) in the temple. The County certainly has not demonstrated (nor can it) that any part of the rise in illegal violence in the County can be remotely attributed to permit holders.

The Supreme Court rejected means-ends scrutiny, *Bruen*, 142 S.Ct. at 2126, and that ban on interest balancing is no less applicable on a motion for equitable relief, especially where the balancing results in a refusal to enjoin an ongoing violation of the Second Amendment. See also 142 S.Ct. at 2133 n.7 (holding that courts may not "engage in independent means-end scrutiny under the guise of an analogical inquiry"). A constitutional right would not be worth much if such inchoate fears were allowed to negate the exercise of the right. "'The constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *Bruen*, 142 S.Ct. at 2156 (citation omitted).

Sincerely,

/s Mark W. Pennak

Mark W. Pennak, Counsel for Plaintiffs
cc: All Counsel via ECF.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

BCO-080-E

No. 23-1900

Ronald Koons; Nicholas Gaudio; Jeffrey M. Muller;
Gil Tal; Second Amendment Foundation, Inc.; Firearms Police Coalition, Inc.;
Coalition of New Jersey Firearm Owners; New Jersey Second Amendment Society

v.

Attorney General New Jersey and Superintendent New Jersey State Police

President of the New Jersey State Senate, Speaker of the New Jersey General Assembly,
Intervenors in District Court

(D.N.J. No. 1:22-cv-07464)

Aaron Siegel; Jason Cook; Joseph Deluca; Nicole Cuozzo;
Timothy Varga; Christopher Stamos; Kim Henry;
Association of New Jersey Rifle and Pistol Clubs, Inc.

v.

Attorney General New Jersey; Superintendent New Jersey State Police

President of the New Jersey State Senate; Speaker of the New Jersey General Assembly;
Intervenors in District Court

(D.N.J. No. 1:22-cv-07463)

Present: KRAUSE, PORTER, and CHUNG Circuit Judges

1. Emergency Motion for Stay Pending Appeal

2. Response by Siegel Plaintiffs-Appellees to Motion for Stay Pending Appeal

3. Response by Koons Plaintiffs-Appellees to Motion for Stay Pending Appeal

4. Reply in Support of Motion for Stay Pending Appeal

Respectfully,
Clerk/sb

_____ORDER_____

The Emergency Motion for Stay Pending Appeal is hereby GRANTED in part and DENIED in part. The requested stay is GRANTED as to the preliminary injunction of N.J. Stat. Ann. §§ 2C:58-4.6(a)(6), (a)(9), (a)(10), (a)(12), (a)(15), (a)(17), (a)(18), (a)(21), as we conclude the applicable factors warrant such a stay, see In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015).[1] The requested stay is otherwise DENIED.

The Clerk's Office is instructed to issue an expedited briefing schedule forthwith.

By the Court,

s/ Cheryl Ann Krause
Circuit Judge

Dated: June 20, 2023
SB/JK/cc:    All Counsel of Record

---

[1] Judge Porter dissents from this aspect of the order and would have denied the Emergency Motion for Stay Pending Appeal.