IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 8:21-cv-01736-TDC **(L)** |
| ) | Case No. 8:22-cv-01967-DLB |
| MONTGOMERY COUNTY, MD., ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFFS' REQUEST FOR CLARIFICATION AS
DIRECTED BY THE COURT OF APPEALS**

As directed by the Court of Appeals in an order filed on August 25, 2023, plaintiffs hereby seek clarification from this Court "regarding the status of the proceedings" in this Court. See Fourth Circuit Order filed in *Maryland Shall Issue, et al., v. Montgomery County, Maryland*, No. 23-1719 at 2 (4th Cir. August 25, 2023) (attached). The Fourth Circuit seeks clarification from this Court concerning whether proceedings in *this* Court have been effectively stayed pending plaintiffs' appeal and/or whether this Court is considering plaintiffs' July 8, 2023, request for leave to file a motion under Rule 8 of the Federal Rules of Appellate Procedure, requesting an injunction pending appeal. The court of appeals has thus "defer[red] consideration" of plaintiffs' motion for an injunction pending appeal until it receives such clarification. Plaintiffs seek an immediate decision on this request so that the Fourth Circuit is promptly provided with the clarification it seeks.

In this regard, we bring to the Court's attention the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 143 S.Ct. 1915, 1919 (June 23, 2023), where the Court held that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" (Quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). This "divestment" applies to "district court proceedings that relate to *any*

*aspect* of the case involved in the appeal." *Id.* at 1921 (emphasis added). That holding would, at a minimum "divest" this Court of any "control" over Count VII of the Second Amended Complaint, the Count at issue on plaintiffs' appeal. It arguably also divests any control over Count VIII as well because that Count likewise raises a Second Amendment claim. Further proceedings in this Court on Counts VII and VIII are thus "not especially sensible." *Id.* While plaintiffs have found no controlling precedent on point, plaintiffs do not believe an interlocutory appeal divests this Court from considering motions made under Rule 8 for relief pending appeal as Rule 8 expressly contemplates district court proceedings on such a motion and such a motion is logically and legally distinct from the merits of the underlying claim.

Plaintiffs' initial request for an injunction pending appeal was filed with the Fourth Circuit on July 17, 2023, nine days after requesting leave from this Court. The defendant, Montgomery County, filed its opposition to plaintiffs' motion for an injunction pending appeal on July 24, 2023. Plaintiffs filed a reply in support of the motion on July 26, 2023. On August 3, 2023, that motion was denied by the Fourth Circuit "without prejudice to consideration of a future, timely motion," presumably on the premise that this Court was, in fact, considering plaintiffs' request for leave to file a Rule 8 motion, notwithstanding the Court's inaction on plaintiffs' July 8, 2023, request for leave. On August 4, 2023, plaintiffs filed a motion with the Fourth Circuit seeking clarification and alternatively renewing the motion for an injunction pending appeal. In that filing plaintiffs pointed out that this Court had not acted on plaintiffs' request for leave and that the docket sheet in this Court indicated that the case was "STAYED," even though no order to that effect had been entered. The Fourth Circuit's latest order is on that motion for clarification.

The motion and these other filings on the motion are on the public docket of the Fourth Circuit and thus are matters of which this Court may take judicial notice under Rule 201, Federal Rules of Evidence. See *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705

(4th Cir. 2007) ("we may properly take judicial notice of matters of public record"); *Connolly v. Lanham*, 2023 WL 4932870 (D. Md. Aug. 2, 2023) ("federal courts reviewing a 12(b)(6) motion may take judicial notice of matters of public record, including court filings"). We request that the Court do so. Through these filings in the Court of Appeals, this Court has available all the briefing necessary for the Court to issue an immediate ruling on the Rule 8 motion. Plaintiffs respectfully suggest that the Court proceed on the basis of these existing Rule 8 submissions. Alternatively, the Court may issue an order clarifying that the case is stayed pending appeal and that a Rule 8 motion will not be considered by this Court.

Either way, the parties are entitled to a prompt decision so that appropriate appellate proceedings may take place, as contemplated by Rule 8 and the Fourth Circuit's latest order. Such a timely decision would be in the interests of justice and would accord fair treatment to the parties pursuant to the Court's general "duty to decide" questions that are otherwise properly before it. See, e.g., *Clinton v. City of New York*, 524 U.S. 417, 436 (1998); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *United States v. Hamidullin*, 888 F.3d 62, 73 (4th Cir. 2018). While plaintiffs filed the Brief of Appellants on August 21, 2023, the appellate proceedings are likely to take many months, if not years. In the meantime, plaintiffs reiterate that delay on the motion for an injunction pending appeal is greatly prejudicial. As detailed in the motion, Montgomery County has effectively banned carry throughout the entire County and thus has effectively eviscerated the "general right" to carry in public confirmed by *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2133-34 (2022). Plaintiffs firmly believe that the request for an injunction pending appeal is meritorious and is necessary to address that prejudice pending the outcome of the appeal.

## CONCLUSION

Plaintiffs respectfully request immediate clarification concerning the status of these proceedings in this Court, as directed by the Fourth Circuit.

                                            Respectfully submitted,

                                            */s/ Mark W. Pennak*

                                            MARK W. PENNAK
                                            MARYLAND SHALL ISSUE, INC.
                                            9613 Harford Rd
                                            Ste C #1015
                                            Baltimore, MD 21234-21502
                                            mpennak@marylandshallissue.org
                                            Phone: (301) 873-3671
Dated: August 26, 2023                 District Court Bar No. 21033