SECOND SUPPLEMENTAL

DECLARATION OF ALLAN BARALL, RULE 8 MOTION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYLAND SHALL ISSUE, INC., *et al.*,  )
                                        )
*Plaintiffs*,                           )
                                        )
v.                                      )  Case No. 8:21-cv-01736-TDC **(L)**
                                        )  Case No. 8:22-cv-01967-DLB
MONTGOMERY COUNTY, MD.,                 )
                                        )
*Defendant*.                            )

**SECOND**
**SUPPLEMENTAL DECLARATION OF ALLAN D. BARALL**

COMES NOW, the declarant, ALLAN D. BARALL, and hereby solemnly declares under penalties of perjury that the statements in this supplemental declaration are based upon personal knowledge that the contents of this supplemental declaration are true to the best of my knowledge and belief:

1. My name is ALLAN D. BARALL, and I am member of Maryland Shall Issue, Inc., a plaintiff in the above-captioned matter. I am an adult over the age of 18, a Montgomery County, Maryland resident and I am fully competent to give sworn testimony in this matter.

2. This Declaration is a follow-on to my previously submitted declarations, dated December 1, 2022, and January 4, 2023, respectively. I possess a current and valid wear and carry handgun permit issued by the State of Maryland. I am a law-abiding citizen, and a retired US Army colonel.

3. Upson passage of Bill 21-22E I stopped carrying a handgun in my synagogue even though I was specifically requested to carry by the synagogue's rabbi and senior leadership for security measures. See my previously submitted declaration for additional information on this.

1

4. I also stopped carrying with my permit anywhere else in the County as it is quite impossible for me, as a practical matter, to move about in the County without encountering one or more of the 100-yard zones in which Bill 21-22E bans the mere possession of a firearm. Montgomery County Bill 21-22E effectively even prohibits me from going anywhere outside of my own home. I live on Mary Cassatt Drive in Potomac. In order to go anywhere I must access Seven Locks Road. I only have two avenues of access to Seven Locks Road: Mary Cassatt Drive, and the adjacent Ivymount Terrace. There is no other access from the area other than via Seven Locks Road. On a very narrow strip of Seven Locks Road right near both Mary Cassatt Drive and Ivymount Terrace are two synagogues: Young Israel of Potomac and Chabad of Potomac. (My family and I are members of both synagogues.) Additionally, are two co-located schools: Ivymount School and the Maddux School.

5. Montgomery County Bill 21-22E mandates that firearms are prohibited within 100 yards of the property of schools and houses of worship. Using the Google Maps measurement tool, I drew 100-yard boundaries around these four institutions, as measured from the edge of the grounds or parking lot of these locations, as required by Bill 21-22E. Doing so creates overlapping circles that delineate the areas in which the possession of firearms is prohibited under Bill 21-22E. Those overlapping circles include Seven Locks Road, in each direction. Accordingly, I cannot traverse Seven Locks Road to go *anywhere* in *any direction* with a firearm, as otherwise permitted by Maryland State law. See attached exhibit.

6. I understand that Montgomery County claims there is no imminent threat of enforcement of law 21-22E even though the County has expressly refused to disavow enforcement. Aside from the obvious question of why the County passed a law without the intent to enforce it, as a fully law-abiding citizen I will not take the risk of violating the law. I, therefore,

2

1 | believe that my Second Amendment right to carry outside the home with a Maryland wear and
2 | carry permit no longer exists in Montgomery County.

*Allan D. Barall*

Dated: July 10, 2023:
ALLAN D. BARALL

