# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * |
| | * |
| Plaintiffs-Appellants, | * |
| | *   No. 23-1719 |
| v. | * |
| | * |
| MONTGOMERY COUNTY, MARYLAND, | * |
| | * |
| | * |
| Defendant-Appellee | * |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL FACTUAL ALLEGATIONS AND EXHIBITS CONTAINED IN PLAINTIFFS' EMERGENCY MOTION FOR A RULE 8 INJUNCTION PENDING APPEAL**

Defendant Montgomery County, Maryland, ("the County") by and through its undersigned counsel, files its Motion to Strike the supplemental and improper factual allegations and exhibits contained in Plaintiff's Emergency Motion for a Rule 8 Injunction Pending Appeal (the "Emergency Motion"). Plaintiffs' counsel was informed of the County's intention to file this Motion on July 21, 2023; Plaintiffs do not consent and intend to oppose this Motion. FRAP Local Rule 27(a).

On July 6, 2023, the District Court denied Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "Denied Motion"). (ECF 82). The Denied Motion sought to prevent and enjoin the County from enforcing Section 57-11(a) of Chapter 57 of the Montgomery County Code (the



"County Firearms Law") against persons who have been issued a wear and carry permit by the Maryland State Police. (ECF 82).[1]

On July 7, 2023, Plaintiffs filed a notice of appeal from the district court's July 6, 2023, Order. Plaintiffs' Emergency Motion seeks the ***extraordinary relief*** of injunction pending appeal with respect to permit holders as to: (1) the County restrictions of possession and transport of firearms in the County's 100-yard buffer zone under 57-11(a); (2) County restrictions on keeping guns on persons or in vehicles under Section 57-10; and (3) County restrictions on firearms on places of worship under Chapter 57. (Doc. 10-1 at 8); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (preliminary injunction is "an extraordinary remedy"). Concurrently with this Motion to Strike, the County filed its Response to the Emergency Motion.

The Emergency Motion improperly attempts to introduce new and lengthy factual allegations and evidence not offered in the district court, including new maps (Doc. 10-1 at 11; Doc. 10-15, exhibit), a 32 page expert report of Daniel Carlin-Weber, which Plaintiffs are attempting to submit **for the first time** as a "Declaration" (Doc. 10-7) and the Second Supplemental Declaration of Allan Barall (Doc. 10-15). Notably, each of these supplemental factual allegations and exhibits

---

[1] The County will refer to docket entries in the U.S. District Court (Case No. 8:21-CV-01736-TDC) as "ECF," and will use "Doc." to reference docket entries in the instant interlocutory appeal before this Court, No. 23-1719.

2

were previously available evidence and should be stricken as "an improper attempt to 'backfill' the appellate record." See *Dmarcian, Inc. v. Dmarcian Eur. BV*, 2021 U.S. Dist. LEXIS 150517, *7. None of Plaintiffs' "new" factual allegations contain any "new" information that was not available at the time they filed the Denied Motion. This court should not consider Plaintiffs' supplemental evidence that they "simply overlooked or forgot the first time around." *Newspaper, Newsprint, Mag. & Film Delivery Drivers, Helpers, & Handlers, Int'l Bhd. of Teamsters, Loc. Union No. 211 v. PG Publ'g Co.,* No. 2:19-CV-1472-NR, 2019 U.S. Dist. LEXIS 232000, 2019 WL 9101872, at *3 (W.D. Pa. Dec. 27, 2019).

Appellate courts evaluate a district court's decision to grant or deny preliminary injunctions under an abuse of discretion standard. *Aggarao v. MOL Ship Mgmt. Co., Ltd..,* 675 F.3d 355, 366 (4th Cir. 2012). Pursuant to this standard, appellate courts review the district court's factual findings for clear error and review its legal conclusions de novo. *Dewhurst v. Century Aluminum Co.,* 649 F.3d 287, 290 (4th Cir. 2011). As Plaintiffs' new factual allegations and exhibits were not submitted to the district court, neither the County nor the district court were afforded opportunity to evaluate and respond to them. Thus, there are no factual findings or

legal conclusions made by the district court concerning Plaintiffs' supplemental evidence for this court to review.[2]

The undue prejudice to the County here is obvious. "[A]llowing a party to reargue its position by providing supplemental evidence would allow a party to essentially re-litigate that which has already been ruled upon and thus would create the prospect of endless litigation." *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995). In addition, "[j]urisdiction generally passes to the appellate court after an appeal has been taken, and arguments that were not advanced or properly preserved in the district court are typically considered to have been waived on appeal." *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th Cir. 2003). Lastly, "requiring parties to present the entire available factual record when moving for or opposing a preliminary injunction promotes diligence and preserves judicial resources that would otherwise be expended combing through multiple rounds of briefing." *Dmarcian, Inc,* U.S. Dist. LEXIS 150517, *8.

---

[2] "Absent exceptional circumstances, of course, [appellate courts] do not consider issues raised for the first time on appeal." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 603 (4th Cir. 2004). Rather, "[appellate courts] consider such issues on appeal only when the failure to do so would result in a miscarriage of justice." *Id*. (citing *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993)). The Emergency Motion does not argue that exceptional circumstances justifying departure from the general rule are present here. See *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 242, (4th Cir. 2009). Furthermore, there are no exceptional circumstances warranting such departure here.

The Declaration of Daniel Joseph Carlin-Weber is the most egregious example of Plaintiffs' attempt to offer supplemental evidence. (Doc 10-7). Carlin-Weber has a background in "various computer technologies" and executed his declaration on July 17, 2023 (11 days after the district court's Order denying the Denied Motion) (Doc. 10-7 at 1). Notably, Carlin-Weber's Declaration is 32 pages long (longer than the Emergency Motion) and so long that it required its own Table of Contents to navigate. *Id.* at 3. The Methodology Section of Carin-Weber's Declaration alone is five pages long. Carlin-Webber's Declaration alone contains tens (if not over 100) supplemental factual allegations.

Carlin-Weber's self-serving declaration details "queries" (an undefined term) he performed for terms such as "childcare" or "hospitals" and creating maps to enable him to come to various expert and legal conclusions, such as, "of Montgomery County's 506.91 square miles, 106.45 are excluded from carrying a loaded firearm by Bill 21-22E." *Id.* at 11. Carlin-Weber's statement is a "declaration" in name only: it is actually an expert report and contains language routinely used by testifying experts in their FRCP Rule 26 reports, such as "preparation of this declaration was assisted by persons under my immediate control and review…" *Id*. at 2. It is not surprising that Carlin-Weber required assistance from others to research and draft his 32-page report. Critically, Carlin-Weber has not been accepted as an expert witness in this court and his methodology and

5

scientific and legal conclusions have not been vetted or subject to cross examination which they would have been had Plaintiffs timely disclosed his opinions in the district court. His report also relies heavily upon technologies and online mapping tools which have also not been established to be reliable or accurate. Yet the Plaintiffs would now have this court accept his conclusory and unvetted scientific and legal opinions, many of which violate Federal Rule of Appellate Procedure Rule 27(a)(2)(B)(ii)'s prohibition of affidavits containing "legal argument." Query why Plaintiffs would submit such extensive supplemental evidence if they truly believed, as they say, that the factual allegations before the district court were sufficient to prevail on the merits of its Denied Motion. (Doc 10-1 at 9).

However, despite its lengthiness, all of the information contained in the Carlin-Weber's Declaration was available to Plaintiffs at the time Bill 21-22E was enacted on November 28, 2022, and at the time they filed their Denied Motion on December 6, 2022. At no time did Plaintiffs seek to amend their Denied Motion to include the lengthy supplemental arguments contained in the Carlin-Weber Declaration.

While the County has not had reasonable and necessary time to fully evaluate Carlin-Weber's Declaration, which was filed five business days ago, a cursory review of it reveals numerous, readily apparent errors in both its methodology and conclusions. For example, Carlin-Weber's maps do not reflect the existence of the

private residence (Section 57-11(b)(3)) or business exceptions (Section 57-11(b)(4)) where a firearm may be kept under the County Firearms Law. Using Carlin-Weber's map as support, the Emergency Motion incorrectly concludes that "it is literally impossible to drive in or through the County…with a firearm without quickly entering one or more of these 100-yard exclusionary zones [set forth in Section 57-11]." (Doc. 10-1 at 11). This is also inaccurate as a person can transport the weapon in a locked case, separate from its ammunition (Section 57-11(b)(4)).

The Second Supplemental Declaration of Allan D. Barrall should also be struck as it is an attempt to provide new factual allegations to rebut the District Court's opinion in an attempt to "back-fill" the record. Just as with the Declaration of Carlin-Webber, the Second Supplemental Declaration of Barrall provides no new evidence that was not available at the time the Denied Motion was filed, including Mr. Barrall's use of Google Maps to render legal conclusions about the County Firearms Law.

Wherefore, for the reasons set forth herein, Plaintiffs' improper attempts to include new and supplemental factual allegations and exhibits in the Emergency Motion should be struck.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

_____/s/_____
Edward B. Lattner,
Deputy County Attorney
edward.lattner@montgomerycountymd.gov
Bar No. 03871

_____/s/_____
Erin J. Ashbarry
Associate County Attorney
erin.ashbarry@montgomerycountymd.gov
Bar No. 26298

_____/s/_____
Matthew H. Johnson
Associate County Attorney
matthew.johnson3@montgomerycountymd.gov
Bar No. 17678

Attorneys for Defendant Montgomery County, Maryland
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 27(a), Rule 27(d) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned counsel here certifies that the foregoing Motion to Strike contains 1,341 words, not counting those items which may be

excluded under Rule 32(f), and uses a 14 point, Times New Roman proportional font. I hereby certify that counsel for Plaintiffs has been informed of the intended filing of this motion and did not consent to the granting of the motion.

                                                /s/
                                      Matthew H. Johnson

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2023, a copy of the foregoing was filed to be transmitted via this Court's CM/ECF Electronic Document Filing System to:

> Mark W. Pennak
> Maryland Shall Issue, Inc.
> 9613 Harford Rd., Ste C #1015
> Baltimore, Maryland 21234-21502
> mpennak@marylandshallissue.org

                                                /s/
                                      Matthew S. Johnson
                                      Counsel for Appellee
                                      Montgomery County, Maryland