UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MARYLAND SHALL ISSUE, INC.,
ENGAGE ARMAMENT, LLC,
ANDREW RAYMOND,
CARLOS RABANALES,
BRANDON FERRELL,
DERYCK WEAVER,
JOSHUA EDGAR,
I.C.E. FIREARMS & DEFENSIVE
TRAINING, LLC,
RONALD DAVID,
NANCY DAVID and
ELIYAHU SHEMONY,

    Plaintiffs,

v.

MONTGOMERY COUNTY, MARYLAND,

    Defendant.

Civil Action No. TDC-21-1736

ORDER

Plaintiffs have filed an Emergency Motion for a Rule 8 Injunction Pending Appeal, ECF No. 93, which is now fully briefed.

Rule 8 of the Federal Rules of Appellate Procedure provides in part: "A party must ordinarily move first in the district court for the following relief: . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(C). In distinguishing the standards applicable to requests for stays pending appeal and for injunctions pending appeal, the United States Supreme Court has stated that the latter "'demands a significantly higher justification' than a request for a stay, because unlike a stay, an injunction 'does not simply suspend judicial alteration of the status quo but grants judicial intervention that

has been withheld by lower courts.'" *Respect Maine PAC v. McKee*, 562 U.S. 996, 996 (2010) (quoting *Ohio Citizens for Responsible Energy, Inc. v. Nuclear Regul. Comm'n*, 479 U.S. 1312, 1313 (1986) (Scalia J., in chambers)); *see also Turner Broad. Sys. v. Fed. Commc'ns Comm'n*, 507 U.S. 1301, 1302 (1993) (Rehnquist, C.J., in chambers) ("By seeking an injunction, applicants request that I issue an order altering the legal status quo. Not surprisingly, they do not cite any case in which such extraordinary relief has been granted . . . ."); *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225-26 (2d Cir. 2020) (denying a motion for an injunction pending appeal, which "seek[s] a remedy still more drastic than a stay"). Thus, to prevail on a motion for an injunction pending appeal, a moving party must establish the following elements: (1) a substantial likelihood that it will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. *Florida v. Dep't of Health & Human Servs.*, 19 F.4th 1271, 1279 (11th Cir. 2021). Overall, these requirements are more stringent that the elements for a stay pending appeal, which requires consideration of (1) whether the moving party has made a strong showing of a likelihood of success on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Nevertheless, Plaintiffs argue for application of the test for a stay pending appeal to the present Motion.

Even under this lower standard, however, the Court finds no basis to grant the Motion. In its Memorandum Opinion and Order denying Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction, the Court found that Plaintiffs had not established a likelihood of success on the merits of the claims at issue, including the claim relating to buffer zones that

forms the basis of the proposed injunction pending appeal. *See Maryland Shall Issue, Inc. v. Montgomery Cnty.*, No. TDC-21-1736, 2023 WL 4373260, at *14-16 (D. Md. July 6, 2023). The Court also concluded that even if Plaintiffs could show a likelihood of success on the merits, Plaintiffs failed to demonstrate a likelihood of irreparable harm, that the balance of the equities favors an injunction, or that the public interest favors relief. *See id.* at *16. Upon review of the briefs on the present Motion, the Court finds no reason to depart from its prior conclusions by granting the extraordinary relief of an injunction pending appeal.

Accordingly, it is hereby ORDERED that:

1. Defendant Montgomery County's Consent Motion to Extend Time to Respond, ECF No. 94, is DENIED AS MOOT.

2. Plaintiffs' Emergency Motion for a Rule 8 Injunction Pending Appeal, ECF No. 93, is DENIED.

Date: September 12, 2023

THEODORE D. CHUANG
United States District Judge