

**Marc Elrich**
*County Executive*

OFFICE OF THE COUNTY ATTORNEY

**John P. Markovs**
*County Attorney*

October 4, 2023

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

      Re:    *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland*
              Case No. 8:21-cv-01736-TDC (**L**) (D. Md.)
              Case No. 8:22-cv-01967-DLB
              **Notice of Intent to file Motion to Stay Pending Appeal**

Dear Judge Chuang:

      Pursuant to the Court's Letter Order Regarding the Filing of Motions (ECF No. 11), Defendant Montgomery County, Maryland (the County) requests permission to file a Motion to Stay this matter pending Plaintiffs' interlocutory appeal of this Court's July 6, 2023, Memorandum Opinion and Order (ECF Nos. 82, 83).

      The County filed a Notice of Intent to file a Motion to Dismiss or in the Alternative for Summary Judgment on July 3, 2023. Three days later, this Court issued its Memorandum Opinion and Order as to Plaintiffs' request for a Temporary Restraining Order and Preliminary Injunction. That appeal will be fully briefed as of October 10, 2023.

      The Second Amendment right to bear arms is front and center in Plaintiffs' interlocutory appeal. Specifically, Plaintiffs challenge whether this Court correctly relied upon Reconstruction Era statutes in upholding the County's regulation of guns near places of public assembly; and whether the County's prohibition against carrying near places of worship, parks, recreational facilities, and within 100 yards of areas of public assembly violates the Second Amendment.

      A decision by the Fourth Circuit in Plaintiffs' interlocutory appeal will undoubtedly impact the Plaintiffs' remaining claims on this Court (Counts IV – VIII).[1] The Second Amendment is at the forefront of Counts VII and VIII, and the right to bear arms is an essential component of Counts V (purporting to allege due process violation of alleged Second

---

[1] This Court remanded Counts I, II, and III to State Court on May 5, 2023. (ECF No. 77)

The Honorable Theodore D. Chuang
October 4, 2023
Page 2

Amendment right to possess "major components" of firearms (ECF No. 49 ¶ 125)) and VI (alleging the County's law violates a constitutional right to instruct children in the safe use and handling of firearms and components otherwise protected by the Second Amendment (ECF No. 49 ¶ 132)). The only claim in the operative complaint unaffected by the Plaintiffs' interlocutory appeal is Count IV, which purports to allege a due process vagueness challenge to the County's law.

After Plaintiffs noted their interlocutory appeal, there was no activity regarding the remaining claims in the case until September 20, 2023. Given that this Court scheduled a conference for October 11, 2023, on the County's request to file dispositive motions, the County faces the prospect of litigating a case that will without question be impacted significantly by the Fourth Circuit's decision. For example, if the Fourth Circuit holds that only the Founding Era is the appropriate lens to view government regulation (a question left unresolved by the Supreme Court's recent *Bruen* decision[2]), the parties would have spent months litigating Second Amendment questions under an incorrect standard. Given the radical change to Second Amendment analysis wrought by *Bruen*, it is contrary to the interests of judicial economy to continue to litigate until the Fourth Circuit weighs in on this question.

Finally, the County notes that Plaintiffs' interlocutory appeal is one of three Second Amendment cases presently before the Fourth Circuit. In addition to this case, there are two fully briefed and argued Second Amendment appeals:

> (1) *Bianchi v. Brown*, No. 21-1255, is a Second Amendment challenge to Maryland's ban on semi-automatic assault rifles in the Maryland Firearms Safety Act of 2013. The Fourth Circuit heard argument on December 6, 2022; and

> (2) *Maryland Shall Issue, Inc. v. Moore*, No. 21-2017, is a Second Amendment challenge to the requirements in the Maryland Firearms Safety Act of 2013, that handgun-permit applicants pass a background check and take a firearm-safety-training course. The Fourth Circuit heard argument on March 10, 2023.

Grounds exist to stay this case pending the outcome of Plaintiffs' interlocutory appeal. The County requests that the Court consider this Notice of Intent at the status conference presently set for October 11, 2024.

---

[2] *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

The Honorable Theodore D. Chuang
October 4, 2023
Page 3

                                                                  Very truly yours,

                                                                  Edward B. Lattner
                                                                  Deputy County Attorney

                                                                   Erin J. Ashbarry
                                                                  Chief, Division of Government Operations

                                                                   Matthew H. Johnson
                                                                  Assistant County Attorney

cc:    Mark W. Pennak (via ECF)